52 A.3d 251

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Charles S. RENCHENSKI, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 13, 2012.

Decided Sept. 28, 2012.

Paul Charles Colavecchi, Colavecchi & Colavecchi, for Charles S. Renchenski.

Trudy Gale Lumadue, Leanne Ruth Nedza, Clearfield County District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, JJ.

## *OPINION*

Justice SAYLOR.

Allowance of appeal in this matter was granted to address the applicability of Section 9543(b) of the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S. § 9543(b), to delays in filing amended post-conviction petitions and the related issue of what obligation, if any, a petitioner has to move the litigation of his petition forward.

Following a jury trial, on July 12, 1984, Appellant was convicted of first-degree murder, and later sentenced to life imprisonment, in connection with the strangulation death of Rosemarie Foley. The Superior Court upheld the sentence on direct appeal, and this Court denied review.

On May 5, 1988, Appellant filed a timely *pro se* petition for post-conviction relief,[1] which the PCRA court denied without appointing counsel, finding that all claims had been previously litigated on direct appeal. The Superior Court vacated the order denying relief and remanded the matter for the appointment of counsel on April 12, 1989. On February 10, 1992, the PCRA court appointed the public defender to serve as Appellant's counsel, but, due to the public defender's conflict of interest, appointed John Ryan, Esquire, to represent Appellant approximately one month later. Mr. Ryan, however, was permitted to withdraw from the case more than one year thereafter, with Appellant's consent.[2] No reason appears as of record for the almost three years that elapsed before the PCRA court complied with the Superior Court's mandate and appointed counsel.

No further docket entries appear until June 2, 2003, when Appellant, acting *pro se,* filed a document entitled "Extension of Post–Conviction Relief Petition" (the "extension petition"), seeking to amend his original petition. The PCRA court denied relief in an order dated August 11, 2003, but not filed until January 7, 2004, treating the "extension petition" as an untimely filed second PCRA petition. The Superior Court erroneously quashed Appellant's subsequent appeal as untime-

1. This petition was filed on a form entitled "Petition Under Post Conviction Hearing Act" ("PCHA"), but, as it was filed after the effective date of the PCRA, it is properly considered a petition under that statute, notwithstanding Appellant's use of PCHA terminology.

2. Appellant expressed his reasons for consenting to Mr. Ryan's withdrawal from the case as follows: "From your letter it's painfully clear that you don't wish to be involved with my case, so it's also evident that you would not be able to effectively produce a qualified in-depth arguement [sic] in my defense; therefore, as you've requested, here's a written release from me of your services." July 2, 1993 Letter from Charles S. Renchenski to John R. Ryan, Esquire (attached to July 9, 1993 Petition for Leave to Withdraw as Counsel as Ex. A).

ly, but this Court vacated that order and remanded the matter for a disposition on the merits of the appeal. *See Commonwealth v. Renchenski,* 581 Pa. 614, 615, 866 A.2d 368 (2005). The Superior Court, in turn, remanded the matter to the PCRA court, concluding that the "extension petition" was not a second PCRA petition, but rather was Appellant's attempt to amend his timely filed original petition. *See Renchenski v. Commonwealth,* 909 A.2d 898 (Pa.Super.2006) (table), No. 332 WDA 2004, *slip. op.* at 5 (*"Renchenski I"*) (citing *Commonwealth v. Flanagan,* 578 Pa. 587, 604–05, 854 A.2d 489, 499 (2004), for the proposition that "since original petition never was withdrawn or dismissed, amended petition for post-conviction relief was not subject to PCRA's one-year time limitation, even though amendment was filed ten years after original petition").

On remand, the PCRA court appointed new counsel, Gary A. Knaresboro, Esquire, while Appellant filed a request for an extension of time to file an amended PCRA petition, indicating that Mr. Knaresboro had been unresponsive to attempts to contact him and therefore Appellant intended to find new counsel of his own accord. The PCRA court granted an extension, and Mr. Knaresboro was permitted to withdraw from the case upon the entry of appearance of private counsel, George H. Newman, Esquire. Ultimately, on October 4, 2007, Mr. Newman filed an amended PCRA petition on Appellant's behalf, raising numerous claims regarding trial counsel's ineffective assistance.

The Commonwealth filed a motion to dismiss and, following Appellant's response, a supplemental motion to dismiss, arguing that giving effect to the "extension petition" and proceeding based upon the amended petition would prejudice the Commonwealth's ability to retry the case, in light of the death, poor health or relocation of most of its trial witnesses, and therefore the matter should be dismissed pursuant to Section 9543(b) of the PCRA, which states:

**(b) Exception.**—Even if the petitioner has met the requirements of subsection (a) [concerning eligibility for relief], *the petition shall be dismissed if it appears at any time that,*

*because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner.* A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b) (emphasis added). Although the Commonwealth acknowledged that the language of this provision appeared applicable to delays in filing an original PCRA petition, it argued that dismissal under Section 9543(b) was nonetheless appropriate because of the prejudice resulting from the lengthy delay in the filing of the amended petition. Oral arguments on the motion to dismiss were conducted, and, on January 30, 2009, the PCRA court dismissed the matter with prejudice.

In its opinion, the PCRA court listed fifteen individuals who were no longer available to testify and explained their involvement in the case, including: (1) the lead investigator on the murder, who was present at the crime scene, interviewed numerous witnesses, took Appellant's statement at the police station, and conducted a search of Appellant's person, residence and vehicle; (2) a forensics investigator for the State Police, who took crime scene photographs and examined various bites, cuts and other marks on the victim's body; and (3) five individuals who had each observed the interactions between Appellant and the victim at one or more bars on the night of the murder. The court further noted that, although Appellant claimed that counsel was ineffective for failing to present the expert testimony of Dr. Walter S. Finken, a psychiatrist who opined at a deposition that Appellant did not possess the requisite specific intent to kill, Dr. Finken had since died. The PCRA court also noted that it would be "extremely difficult if not impossible for the original defense attorneys to recall why they did or did not take any particular action and whether there existed at the time any reasonable

basis for not objecting, not calling any particular witness(es), not filing a particular motion or otherwise." *Commonwealth v. Renchenski,* No. CP–17–CR–481–1982, *slip op.* at 12 (C.P.Clearfield, Jan. 30, 2009) (*"Renchenski II "*). The absence of witnesses as well as the likelihood that memories would be poor twenty-four years after trial, the court continued, would severely prejudice the Commonwealth's ability to retry Appellant.

In addition, the PCRA court rejected Appellant's argument that the recorded testimony from his first trial would mitigate the prejudice suffered by the Commonwealth by referring to *Commonwealth v. Bell,* 706 A.2d 855 (Pa.Super.1998), in which the unavailability of an eyewitness was deemed sufficient prejudice to dismiss a PCRA petition under Section 9543(b) despite the availability of recorded testimony, as the issues the petitioner sought to raise in the PCRA proceeding were "untested at the original trial." *Id.* at 860. The court also rejected Appellant's argument that it is the Commonwealth's burden—and not a petitioner's—to move a PCRA matter forward, finding an analogy to the law concerning the Commonwealth's burden to provide a prompt trial inapposite. *See generally* Pa.R.Crim.P. 600. In the present matter, the PCRA court explained, "the Commonwealth is not responsible for the delay in this case which logically can only be placed on [Appellant] and the Judge who originally handled the matter." *Renchenski II, slip op.* at 13. The court chastised Appellant for his inaction, noting that he "sat idly for many years and did absolutely nothing to advance his claims following his agreement that Attorney Ryan withdraw." *Id.* at 14. Accordingly, the PCRA court granted the Commonwealth's motion and dismissed the matter pursuant to Section 9543(b).[3]

The Superior Court affirmed, finding that application of Section 9543(b) under these circumstances was proper. *See Commonwealth v. Renchenski,* 988 A.2d 699, 700 (Pa.Su-

---

**3.** The PCRA court's order appears inconsistent, as it denied the Commonwealth's motion to dismiss yet granted its supplemental motion to dismiss. Given its opinion, however, the court's clear intent was to dismiss the case due to the delay in filing of the amended petition.

per.2010) (*"Renchenski III "*).[4]   Addressing the applicability of Section 9543(b), the Superior Court explained:

> While the express terms of this section refer to a "delay in filing," we conclude that under the unusual circumstances present in this case, this provision should be subordinated to the dominant purpose of this section, which is to ensure that the Commonwealth is not prejudiced by a defendant's delay in pursuing his post-conviction rights.   While the underlying PCRA petition here was timely, Appellant essentially abandoned it for several years.   Appellant's failure to pursue his PCRA petition has now created a situation where the Commonwealth would be severely prejudiced were it required to retry the case.   Consequently, we conclude that the PCRA court did not err in relying upon Section 9543(b) in dismissing Appellant's PCRA petition.

*Id.* at 703.   In addition, like the PCRA court, the Superior Court found Appellant's reliance on cases discussing the Commonwealth's obligation to try a defendant in a timely fashion misplaced, as the court could find "no precedent extending this duty to the collateral stage of criminal proceedings." *Id.* at 702.   Concluding that "it is beyond question that it is a defendant's duty to avail himself of the [PCRA's] provisions," the Superior Court rejected Appellant's argument that the Commonwealth should be responsible for moving the litigation forward. *See id.*

■   Appellant filed a pro se petition for allowance of appeal, which this Court granted, limited to two questions:

> 1.   Whether the Superior Court erred in concluding that 42 Pa.C.S. § 9543(b) of the Post Conviction Relief Act (PCRA) applies to delay in litigating a pending PCRA petition?
> 2.   What obligation, if any, does a petitioner have to seek expeditious litigation of his PCRA petition?

*Commonwealth v. Renchenski,* 607 Pa. 371, 6 A.3d 1287 (2010).[5]   As these issues concern statutory interpretation, they

---

**4.**   Judge Cleland concurred in the result only and did not file a separate opinion.

**5.**   Separately, we also directed that counsel be appointed to assist Appellant for purposes of the present appeal.   However, Appellant

present only questions of law, for which our standard of review is de *novo* and our scope of review is plenary. *See Commonwealth v. Williams,* 607 Pa. 597, 605, 9 A.3d 613, 617 (2010).

Presently, Appellant avers that, as a matter of statutory interpretation, this Court has often repeated that:

> To determine the meaning of a statute, a court must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. It is only when the words of the statute are not explicit on the point at issue that resort to statutory construction is appropriate. However, basic principles of statutory construction demand that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit, and legislative history may be considered only when the words of a statute are not explicit.

*Commonwealth v. Fedorek,* 596 Pa. 475, 484–85, 946 A.2d 93, 98–99 (2008) (quoting *Commonwealth v. Dellisanti,* 583 Pa. 106, 112, 876 A.2d 366, 369 (2005) (citations omitted)). Here, Appellant asserts, the Superior Court erred by failing to look first to the plain language of the statute. In this regard, Appellant contends that there is no ambiguity present in Section 9543(b) that necessitates referral to other canons of statutory construction, such as legislative history. *See, e.g., Commonwealth v. Cox,* 603 Pa. 223, 283, 983 A.2d 666, 703 (2009) ("[W]hen the words of a statute are clear and free of ambiguity we must interpret those words by their plain meaning."); *Duncan v. Walker,* 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001) ("We begin, as always, with the language of the statute."). The phrase "delay in filing," Appellant argues, by its plain meaning, clearly indicates that the Legislature intended for Section 9543(b) to apply only when the Commonwealth suffers prejudice as a result of the

sought new counsel after his attorney allegedly filed a copy of Appellant's draft *pro se* brief, with the attorney's signature. This Court ordered that a hearing be held in the common pleas court concerning these allegations, but counsel was permitted to withdraw from the case instead. New counsel was appointed and filed an amended brief.

delayed filing of a PCRA petitioner's original petition, and not an amendment to that document. Indeed, Appellant develops, "delay in filing" is repeated twice within that provision, which buttresses his conclusion that the statute may not be applied with respect to an amended petition. *See* 42 Pa.C.S. § 9543(b).

Appellant also maintains that the Superior Court erred by failing to follow the maxim that the letter of a statute may not be ignored in pursuit of its spirit. *See* 1 Pa.C.S. § 1921(b). This, Appellant continues, is precisely what the Superior Court did when it found that "delay in filing a petition" must be "subordinated to" the intent of the legislature to create consequences for the prejudice to the Commonwealth caused by a petitioner's delay. *See Renchenski III*, 988 A.2d at 703. Appellant equates the Superior Court's holding with "amendatory legislation from the bench," *Narberth Borough v. Lower Merion Twp.*, 590 Pa. 630, 646, 915 A.2d 626, 636 (2007), and explains that only the General Assembly may amend Section 9543(b) to incorporate the possibility of dismissal due to a petitioner's delay in filing an amended petition. *See, e.g., Mohamed v. PennDOT*, 615 Pa. 6, 21, 40 A.3d 1186 (2012) ("[W]here the language of a statute is clear and unambiguous, a court may not add matters the legislature saw fit not to include under the guise of construction."). Thus, Appellant concludes that, because the plain language of Section 9543 does not apply to his "extension petition" or his amended petition, the dismissal of the matter under that provision was erroneous.

As to a petitioner's obligation to seek expeditious litigation of his PCRA petition, Appellant asserts that no such duty arises; rather, in Appellant's view, the Commonwealth and the PCRA court bear the burden to "proceed in a reasonable manner," which includes compliance with the rules and procedures applicable to PCRA proceedings as well as the mandates of due process. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1277 (Pa.Super.2010). Indeed, Appellant develops, the management of court dockets and calendars is exclusively the function of the courts in their administrative capacity, and

thus he has no control over the delays resulting from those tasks. *See, e.g., Commonwealth v. Coward,* 489 Pa. 327, 335, 414 A.2d 91, 95 (1980) ("A court's discretion in handling its own docket has long been recognized.") (citing *In Re Road in McCandless Township,* 110 Pa. 605, 612, 1 A. 594 (1885)).

In this regard, Appellant notes that the procedural rules for PCRA matters "are intended to require that, in a single proceeding, the defendant must raise and *the judge must dispose of all grounds for relief* available after conviction and exhaustion of the appellate process...." Pa.R.Crim.P. 901 cmt. (emphasis added). More specifically, Appellant observes that Rule of Criminal Procedure 903(C) states that the "trial judge ... *shall proceed with and dispose of* the petition in accordance with these rules," indicating that it is the court's burden to promptly move the case forward. Pa.R.Crim.P. 903(C) (emphasis added). Similarly, Appellant refers to the miscellaneous administrative procedures set forth in the Rules of Judicial Administration, which place the primary responsibility for terminating inactive cases on the courts of common pleas. *See* Pa. R.J.A. No. 1901(a) ("Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter."); Pa. R.J.A. No. 1901(b) ("[E]ach court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule ..."). Appellant further analogizes this issue to the Commonwealth's duty to bring a defendant to trial in a timely fashion under the state and federal constitutions as well as Pennsylvania Rule of Criminal Procedure 600. *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..."); Pa. Const. art. I, § 9 ("In all criminal prosecutions the accused hath a right to ... a speedy public trial by an impartial jury of the vicinage ..."); Pa. R.Crim.P. 600 (setting forth specific time limitations concerning when the defendant must be brought to trial); *see also Barker v. Wingo,* 407 U.S. 514, 527, 92 S.Ct. 2182, 2190, 33 L.Ed.2d 101 (1972) ("[S]ociety has a particular interest in bringing swift prosecutions, and society's representatives are

the ones who should protect that interest."). These rules and policies, Appellant asserts, indicate that it is the court's duty to bring a matter to completion and not a PCRA petitioner's.

In opposition, the Commonwealth argues that "it is not a stretch or leap in the plain language of the statute to say that the legislature intended the 'delay in filing' to include any stage of the pleadings." Brief for Appellee at 12. Rather, in the Commonwealth's view, the intent of the General Assembly to incorporate both original and amended PCRA petitions within the scope of Section 9543(b) can be inferred from the placement of the exception within Section 9543, which involves the substance of what "the petitioner must plead and prove," 42 Pa.C.S. § 9543(a), as opposed to Section 9545, which governs procedural matters concerning the initial filing and content of the petition, see 42 Pa.C.S. § 9545. Similarly, the Commonwealth asserts that the language of Section 9543 as a whole "creates a link between the entire process of pleading and proving the claim" and the phrase "delay in filing" within Section 9543(b). Brief for Appellee at 12; *see also* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions."). This connection, the Commonwealth continues, demonstrates that "delay in filing" applies to all filings by a petitioner "at any time during which the petitioner is pleading and proving his case," including amended petitions. Brief for Appellee at 12. The Commonwealth contends that this broad reading of the statutory language is further supported by the legislative history of the PCRA, which demonstrates the intent to promote finality in criminal matters and favor claims of actual innocence over technical errors or ineffective assistance of counsel. *See id.* at 13.

Given this interpretation, the Commonwealth argues that, despite the language of Rule 905(a), "amendments should not simply be permitted for the sake of amending, but they should be weighed in the balances of justice," considering both "the petitioner's need for relief, that is, is he innocent and incarcerated without any redress," and "the justice system's need for finality of cases." *Id.* at 8. This balancing, the Commonwealth develops, is one of the goals of the PCRA in the first instance,

and, on a second or subsequent petition, "the state's interest in finality is more compelling," whereas "the potential that [a petitioner] is merely using the process to delay the execution of his sentence is greater." *Commonwealth v. Morris,* 573 Pa. 157, 167, 822 A.2d 684, 690 (2003) (citation omitted). Here, the Commonwealth maintains that the interest in finality is as compelling as it would be on a second or subsequent petition because Appellant's "extension petition" was filed fourteen years after his original petition. Similarly, the Commonwealth notes that, in addressing multiple petitions raising ineffective assistance of counsel claims under the PCHA, this Court has recognized that "the system needs revision to prevent abuse by prisoners, a waste of the precious and limited resources available for the criminal process, and public disrespect for the judgments of criminal courts." *Commonwealth v. Alexander,* 495 Pa. 26, 33–34, 432 A.2d 182, 185 (1981) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 172 (1970)). Thus, permitting Appellant to proceed is, in the Commonwealth's view, "not in harmony with the purpose of the law." Brief for Appellee at 9.

Because the PCRA was intended to subsume all forms of post-conviction collateral claims that could have been raised in a petition for writ of habeas corpus, *see Commonwealth v. Judge,* 591 Pa. 126, 140–41, 916 A.2d 511, 520 (2007), the Commonwealth analogizes the exception for delay set forth in Section 9543(b) to a petitioner's obligation, when seeking habeas corpus review in federal court, to demonstrate due diligence in order to equitably toll the limitations period for filing such a petition. *See* 28 U.S.C. § 2244(d); *Holland v. Florida,* 560 U.S. 631, ——, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010). Under federal law, the Commonwealth concludes, Appellant's fourteen-year delay would not be considered "reasonable diligence," and thus should not be permitted under Section 9543(b). *Cf. Ajamu–Osagboro v. Patrick,* 620 F.Supp.2d 701, 719 (E.D.Pa.2009) (finding that a petitioner did not demonstrate reasonable diligence for purposes of equitable

tolling when he failed to "actively attend to his first PCRA petition" for almost six years).

With respect to a petitioner's burden to seek expeditious litigation of a PCRA petition, the Commonwealth avers that it "has no burden in the PCRA realm," and that "the law by its nature pits [sic] the obligation to litigate a case on the petitioner." Brief for Appellee at 14. In this regard, the Commonwealth observes that the petitioner bears the burden of demonstrating the timeliness of a petition, see 42 Pa.C.S. § 9545(b), as well as the burden of pleading and proving claims on their merits, see 42 Pa.C.S. § 9543(a). No provision of the PCRA, however, the Commonwealth continues, shifts the burden of moving forward to the Commonwealth. In this sense, the Commonwealth notes that this Court has stated that PCRA claims are more civil than criminal in nature, *see Commonwealth v. Bennett,* 593 Pa. 382, 392 n. 7, 930 A.2d 1264, 1270 n. 7 (2007), which also places the burden of moving the case forward on the party in the plaintiffs position, namely, the PCRA petitioner.

This matter presents an issue of statutory interpretation, the goal of which is to ascertain the intent of the Legislature. *See* 1 Pa.C.S. § 1921(a). We begin with the plain language of the provision, *see, e.g., Fedorek,* 596 Pa. at 484, 946 A.2d at 98, and Appellant presents a colorable argument that a plain reading of Section 9543(b) indicates that "delay in filing the petition" must refer to the initial filing of the original PCRA petition. Indeed, in the one case in which we have addressed the relevant portion of Section 9543(b), the Court found such an argument waived, but noted that:

> [B]y its very terms, Section 9543(b) requires that: (1) a claim of prejudice must arise from a petitioner's *undue delay in commencing* post-conviction litigation; (2) the claim be raised in a motion to dismiss; and (3) the lower court must conduct an evidentiary hearing on this defense.

*Commonwealth v. Jones,* 590 Pa. 202, 240, 912 A.2d 268, 290–91 (2006) (plurality) (emphasis added). This plain language construction, however, does not account for the nuances of the statutory language, particularly given that, at the time a court

is considering "the petition," the document at issue is most often the amended petition, as a *pro se* petitioner is entitled to file an amended first petition once counsel is appointed. *See* Pa.R.Crim.P. 904; *Commonwealth v. Tedford,* 566 Pa. 457, 462, 781 A.2d 1167, 1170 (2001). Hence, as Section 9543(b) is subject to at least two logical yet differing constructions, we find that the provision is ambiguous. *See, e.g., Commonwealth v. McCoy,* 599 Pa. 599, 612, 962 A.2d 1160, 1167 (2009).

Thus, turning to the principles of statutory interpretation, we look to, *inter alia,* the occasion and necessity for the statute, the object to be attained and the mischief to be remedied by the provision, the former statutes on the same subject, any contemporaneous legislative history, and the consequences of each potential interpretation of the statute. *See* 1 Pa.C.S. § 1921(c). We also presume that the General Assembly intends that the entire statute be given effect and does not intend to violate the state or federal constitutions or to create an absurd result. *See* 1 Pa.C.S. § 1922. Moreover, post-conviction proceedings are, by nature, civil rather than criminal, and, as such, Section 9543(b) must be liberally construed to achieve its goals. *See* 1 Pa.C.S. § 1928; *Pennsylvania v. Finley,* 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987) ("Postconviction relief . . . is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature.").

Upon review, we find that the Commonwealth's construction of Section 9543(b) as applicable to delays in filing either original or amended petitions is the most consistent with the legislative intent underlying the PCRA. Initially, we note that Section 9543(b) was enacted as a part of the General Assembly's overhaul of the post-conviction relief process in 1988, *see* Act of Apr. 13, 1988, P.L. 336, No. 47, § 3, and the requirement that an evidentiary hearing be held prior to dismissal for a delay in filing that causes prejudice to the Commonwealth was added via the 1995 amendments to the PCRA, which also created the one-year jurisdictional time bar, see Act of Nov. 17, 1995, P.L. 1118, No. 32, § 1 (Spec.Sess. No. 1). We have observed that this one-year time limitation, coupled with its

few exceptions, reflects a legislative balance between the competing concerns of the finality of adjudications and the reliability of convictions. *See, e.g., Commonwealth v. Morris,* 573 Pa. 157, 167, 822 A.2d 684, 690 (2003); *Commonwealth v. Williams,* 566 Pa. 553, 564, 782 A.2d 517, 523–24 (2001). Section 9543(b) further demonstrates this balance by permitting a PCRA court to dismiss a matter on grounds of delay, which promotes the interest in finality, while requiring an evidentiary hearing where the Commonwealth must prove prejudice, thereby protecting the reliability of the underlying conviction. Similarly, as the Commonwealth points out, Section 9543(b) specifies that prejudice can occur "at any time," indicating that it was not only the commencement of PCRA proceedings with which the Legislature was concerned. See 42 Pa.C.S. § 9543(b).

We are also persuaded by the Commonwealth's argument that the deliberate placement of Section 9543(b) within the "eligibility for relief" portion of the PCRA, see 42 Pa.C.S. § 9543, rather than the "jurisdiction and proceedings" portion, see 42 Pa.C.S. § 9545, indicates the Legislature's intent to connect prejudicial delay to the full scope of a petitioner's burden to "plead and prove" his claims, rather than to the initial determination of timeliness. In this regard, it is also notable that, in the usual case, the amended petition—rather than the original petition—sets forth the claims that a petitioner must prove and upon which the PCRA court may grant relief.

In addition, it would not serve the purposes of the statute to apply Section 9543(b) only to original or serial petitions, as the one-year time bar and its limited exceptions already provide a significant barrier against delay in such filings. *See* 42 Pa. C.S. § 9545(b). This construction would also render Section 9543(b) virtually superfluous because, similar to the sixty-day limitation on filing serial PCRA petitions based on the statutorily permitted claims, Section 9543(b) expressly does not apply "if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became

prejudicial to the Commonwealth," 42 Pa.C.S. § 9543(b). Thus, applying Section 9543(b) only to original petitions would not only fail to give effect to the entire statute, but also would lead to an unreasonable result. Moreover, as the Superior Court has aptly noted:

Under the current statute, prejudicial delay will most often result not in the filing of an original petition, but from any subsequently amended petitions. Section 9543(b) provides a mechanism to ensure that counsel and petitioners maintain some level of diligence in pursuing collateral relief both before and after the filing of an original petition.

*Commonwealth v. Markowitz*, 32 A.3d 706, 713 (Pa.Super.2011), *appeal denied*, 40 A.3d 1235 (Pa.2012) (table).

Given our conclusion that Section 9543(b) may be applied to amended petitions, we need not reach the second issue for which allocatur was granted, namely, what burden a PCRA petitioner bears to move the litigation forward. As a final observation, however, we note the troubling nature of the lengthy delay that occurred in this matter, particularly given the clear indication from the record that at least a portion of this lapse was due to the initial PCRA judge's unexplained failure to appoint counsel for Appellant until almost three years following the Superior Court's order to do so. *See Renchenski II, slip op.* at 13 (stating that the responsibility for the delay "can only be placed on [Appellant] and the Judge who originally handled the matter"). Indeed, as Appellant notes, the PCRA court does have the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters. *See Commonwealth v. Porter*, 613 Pa. 510, 543, 35 A.3d 4, 24–25 (2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below."). However, this Court has also observed that post-conviction counsel must "act expeditiously so as to reduce unnecessary delays and ensure the efficient administration of justice." *Commonwealth v. Sneed*, 616 Pa. 1, 14 n. 11, 45 A.3d 1096, 1104 n. 11 (2012).

In sum, we conclude that the Legislature has balanced the policy concerns implicated by protracted litigation of PCRA

claims and determined that, in certain instances of substantial delay, the prejudice suffered by the Commonwealth as a result of that delay, as demonstrated at an evidentiary hearing, justifies dismissal of an original or amended petition.[6]

The order of the Superior Court is affirmed.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD and McCAFFERY join the opinion.

Justice TODD files a Concurring Opinion.

Justice TODD, concurring.

I join the Majority Opinion, as I agree an amended Post Conviction Relief Act ("PCRA") petition may be dismissed under 42 Pa.C.S.A. § 9543(b) for prejudicial delay in filing the amendment. What I view as an open question, however, is the degree to which, if at all, claims made in an *original* petition survive the dismissal of an amended petition under such circumstances. Nevertheless, neither the Superior Court nor the parties herein make any such distinction even though, in response to the Commonwealth's motion, the PCRA court dismissed both Appellant's original and amended petition. Accordingly, our resolution of this question must await another day.

---

**6.** In the present matter, we note that, although the Superior Court characterized the oral arguments held by the PCRA court as a "hearing," and stated that the Commonwealth "introduced testimony," *Renchenski III*, 988 A.2d at 701–02, no actual testimony was presented on that date. However, during those arguments, Appellant's counsel stipulated to the unavailability of trial witnesses as delineated in an exhibit to the Commonwealth's brief and did not request any further evidentiary hearing regarding the delay or the prejudice to the Commonwealth. *See* N.T. July, 25, 2008, at 28. Thus, Appellant's claims concerning the adequacy of the evidentiary hearing for purposes of Section 9543(b) are waived.