J-S95013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JARVAY M. DAVIS | |
| Appellant | No. 1036 EDA 2016 |

Appeal from the PCRA Order Entered March 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008270-2009

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 13, 2017**

Appellant, Jarvay M. Davis, appeals the March 21, 2016 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We vacate and remand.

The record reveals that, on July 19, 2012, Appellant pleaded guilty to attempted burglary, conspiracy, and possession of an instrument of crime.[1] The trial court imposed three sentences of one to five years of incarceration, two of which ran concurrently to another sentence Appellant was serving, and one of which ran consecutive.  Appellant did not file a direct appeal.  On

---

[1]  18 Pa.C.S.A. §§ 901, 3502, 903, and 907, respectively.

May 30, 2013, Appellant *pro se* filed a timely[2] first PCRA petition. The PCRA court appointed counsel on February 18, 2014, and counsel filed an amended petition on August 10, 2014. On August 3, 2015, the PCRA court entered notice of its intent to dismiss Appellant's petition as untimely. On March 21, 2016, the PCRA court dismissed Appellant's petition as untimely.

The PCRA court dismissed Appellant's petition as untimely because counsel filed the amended petition without leave and outside of the one-year jurisdictional deadline set forth in § 9545(b)(1). The PCRA court relied in part on **Commonwealth v. Renchenski**, 52 A.3d 251 (Pa. 2012), wherein the petitioner filed a timely first petition. Appointed counsel withdrew with the petitioner's consent, and the petitioner took no further action for ten years. **Id.** at 252. The Commonwealth argued the delay would prejudice its ability to retry the case. **Id.** Section 9543(b) permits dismissal of a petition if the delay in the petition is prejudicial to the Commonwealth. 42 Pa.C.S.A. § 9543(b). The Supreme Court agreed with the Commonwealth that § 9543(b) applied to amended petitions, and the Supreme Court upheld the dismissal of the petition. **Id.** at 259-60.

**Renchenski** is easily distinguishable from the instant matter, as Appellant's amended petition came only 15 months after Appellant's *pro se* petition and only six months after the PCRA court's appointment of counsel.

---

[2] Appellant filed his *pro se* petition well within the one-year deadline specified in 42 Pa.C.S.A. § 9545(b)(1).

Most importantly, for our purposes, the **Renchenski** Court noted, "a *pro se* petitioner **is entitled to file an amended first petition once counsel is appointed.**" *Id.* at 258 (emphasis added). Here, the PCRA court did not appoint counsel until more than one year after the finality of Appellant's judgment of sentence. In dismissing Appellant's petition as untimely, the PCRA court effectively denied Appellant his rule-based right to counsel under Pa.R.Crim.P. 904. The PCRA court committed an egregious error in denying Appellant's petition as untimely.

We note that the PCRA court's opinion addresses the merits of Appellant's issues, despite the court's conclusion on timeliness. The Commonwealth confines its analysis to the merits and does not defend the PCRA court's decision on timeliness. Appellant does not address the merits in his brief.[3] He had no occasion to do so given the dismissal of his petition as untimely. In these circumstances, we will not consider the merits as an alternate basis for affirmance. The PCRA court, as noted above, deprived Appellant of his rule-based right to counsel by refusing to consider counsel's amended petition. Were we to address the merits of the underlying issues without any advocacy from Appellant's counsel, we would be depriving

_____

[3] Appellant argues that the PCRA court should conduct a hearing, an issue not properly before us given the dismissal for untimeliness. The need for a hearing is an issue the parties and the PCRA court must address on remand.

Appellant of his right to counsel in this appeal. We therefore vacate the PCRA court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017