J-S67037-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLTON HARRIS, | : | |
| | : | |
| Appellant | : | No. 2704 EDA 2017 |

Appeal from the PCRA Order July 25, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000859-2010

BEFORE:    OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 17, 2019**

Charlton Harris (Appellant) appeals from the July 25, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without an evidentiary hearing. We affirm.

We glean the following factual and procedural history from the record. On December 18, 2009, Appellant and a co-conspirator entered the victim's home and stole, *inter alia*, an Xbox 360, a Playstation 3, videogames, a television, two laptops, cell phones, designer bags, and jewelry. The victim observed the theft from outside the home and called the police. Appellant was apprehended shortly thereafter while getting into a cab, from which several of the above-mentioned items were subsequently recovered. The victim identified Appellant as one of the individuals who had stolen items

*Retired Senior Judge assigned to the Superior Court.

from his home and identified the items in the cab as some of the stolen items.

Based on the foregoing, Appellant was arrested and ultimately charged with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and conspiracy to commit burglary. On October 11, 2013, Appellant pleaded guilty to all charges. On December 12, 2013, the court imposed a term of imprisonment of two to four years, followed by five years of probation. Appellant did not file a post-sentence motion or direct appeal.

On September 25, 2014, Appellant timely filed *pro se* a PCRA petition. Following appointment of counsel on March 10, 2016, Appellant filed an amended PCRA petition on January 9, 2017.[1] In lieu of an answer, the Commonwealth filed a motion to dismiss. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to

---

[1] The lengthy delays during Appellant's PCRA proceedings are not explained. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." ***Commonwealth v. Renchenski***, 52 A.3d 251, 260 (Pa. 2012) (citing ***Commonwealth v. Porter***, 35 A.3d 4, 24–25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below.")). Additionally, "post-conviction counsel must 'act expeditiously so as to reduce unnecessary delays and ensure the efficient administration of justice.'" ***Id.*** (citing ***Commonwealth v. Sneed***, 45 A.3d 1096, 1104 n.11 (Pa. 2012)). This type of delay is not acceptable.

Pa.R.Crim.P. 907 on June 22, 2017,[2] and dismissed the petition on July 25, 2017.

Appellant timely filed a notice of appeal.[3] On appeal, Appellant sets forth one issue for our review: whether the PCRA court erred in dismissing his PCRA petition without a hearing. Appellant's Brief at 3.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. **Commonwealth v. Orlando,** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). Because Appellant claims that the PCRA court erred in denying his petition without first holding an evidentiary hearing, we also keep the following in mind.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Walls**, 993 A.2d 289, 295 (Pa. Super. 2010) (citations omitted). "Thus, to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine

---

[2] Appellant did not file a response to the notice of intent to dismiss.

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

- 3 -

issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004). ***See also Commonwealth v. Paddy***, 15 A.3d 431, 467 (Pa. 2011).

In seeking collateral review, Appellant claims that plea counsel was ineffective for ignoring Appellant's request to file a motion to withdraw his guilty plea prior to sentencing.[4] Amended PCRA Petition, 1/9/2017, at 4-6. In its 1925(a) opinion, the PCRA court explained that it dismissed Appellant's PCRA petition without a hearing because Appellant's "bald assertions" that he had requested counsel to withdraw the plea, without any corroborating evidence that he had actually made that request, failed to present a genuine issue of material fact. PCRA Court Opinion, 5/4/2018, at 3-4. Additionally, the PCRA court found Appellant's claim to be refuted by the record based on,

---

[4] In his PCRA petition, Appellant also claimed, in a single sentence, that his guilty plea was coerced. Amended PCRA Petition, 1/9/2017, at 2. Aside from a single reference, his brief on appeal is devoid of any argument as to this claim. **See** Appellant's Brief at 9 ("In his PCRA Petition, [Appellant] averred that he had not wished to plead guilty but that his trial counsel coerced him into pleading guilty[.]"). Instead, Appellant solely focuses on what he terms the "more important[]" claim: that counsel failed to file the requested motion to withdraw Appellant's guilty plea. **Id.** Accordingly, any claim that the PCRA court erred in finding that Appellant's plea was not coerced is waived. **See Commonwealth v. Delvalle**, 74 A.3d 1081, 1086–87 (Pa. Super. 2013) ("Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that '[t]he argument shall ... have ... the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.' Pa.R.A.P. 2119(a). Failure by the appellant to discuss pertinent facts or cite legal authority will result in waiver. **Commonwealth v. Rhodes**, 54 A.3d 908, 915 (Pa. Super. 2012).").

- 4 -

*inter alia*, Appellant's failure to "mention his wish to withdraw his plea" at the sentencing hearing. *Id.* at 5.

It is uncontroverted that counsel never filed a motion to withdraw Appellant's plea. However, even assuming that Appellant raised a genuine issue of material fact as to whether he asked counsel to file a motion to withdraw his plea, Appellant is not automatically entitled to relief on appeal. As noted above, in order "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact **which, if resolved in his favor, would have entitled him to relief**, or that the court otherwise abused its discretion in denying a hearing." *D'Amato*, 856 A.2d at 820 (emphasis added).

In his amended PCRA petition, Appellant essentially argues that counsel was *per se* ineffective because counsel ignored Appellant's request to file a motion to withdraw his plea. Amended PCRA Petition, 1/9/2017, at 6. We use the following standard to evaluate ineffective assistance of counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs.

Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

Assuming *arguendo* that the basis for Appellant's pre-sentence motion to withdraw his plea was because he "is actually innocent" and "was coerced into pleading guilty[,]" as alleged in his PCRA petition, Appellant offered no elaboration on these averments and no other argument as to why he was entitled to withdrawal of his plea. Amended PCRA Petition, 1/9/2017, at 2.

> [A] bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." [***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015)]. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.***

***Commonwealth v. Baez***, 169 A.3d 35, 39 (Pa. Super. 2017). Appellant has offered no such demonstration. Thus, Appellant was not entitled to an evidentiary hearing because even if the PCRA court found that counsel had failed to file the motion as requested, the underlying legal claim was without merit, and thus Appellant was not entitled to collateral relief. ***See D'Amato***, 856 A.2d at 820. Accordingly, we find no abuse of discretion in the PCRA court's decision to deny Appellant's PCRA petition without a hearing.

Order affirmed.

- 6 -

J-S67037-18

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/17/19