J-S19035-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RICHARD PACELL, | : | |
| Appellant | : | No. 2279 EDA 2018 |

Appeal from the PCRA Order Entered July 5, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0920291-1982

BEFORE:    LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 11, 2019**

Richard Pacell (Appellant) appeals from the July 5, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

When he was 19 years old, Appellant stabbed a man to death. A jury convicted him of first-degree murder and possessing an instrument of crime. On March 20, 1984, Appellant was sentenced to life imprisonment without parole and a concurrent sentence of one to two years' imprisonment. On appeal, this court affirmed his judgment of sentence. *Commonwealth v. Pacell*, 497 A.2d 1375 (Pa. Super. 1985). Appellant's sentence became final in 1985 after he did not seek further appellate review. His first PCRA petition resulted in no relief. *See Commonwealth v. Pacell*, 647 A.2d 266 (Pa

---

*Retired Senior Judge assigned to the Superior Court.

Super. 1994) (unpublished memorandum), appeal denied, 655 A.2d 512 (Pa. 1994).

On August 10, 2012, Appellant filed *pro se* the petition that is the subject of this appeal. Appellant acknowledged that his petition was filed untimely, but averred that he could satisfy the time-bar exception set forth in subsection 9545(b)(1)(iii). *Pro se* PCRA Petition, 8/10/2012, at 2. To establish that time-bar exception, the petitioner must plead and prove that he is asserting a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). Appellant relied upon the constitutional right recognized by the United States Supreme Court in **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that it is cruel and unusual punishment to sentence a juvenile to a mandatory sentence of life imprisonment without parole). Appellant contended that even though he was 19 years old when he committed his crime, his brain development was on par with individuals under the age of 18, and therefore **Miller** applied to him.[1] **See** *Pro se* PCRA Petition, 8/10/2012.

---

[1] Subsequently, Appellant attempted to supplement his petitions with three filings on February 29, 2016, August 23, 2017, and November 27, 2017, but never sought or obtained permission of the PCRA court to do so. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (holding that amendments to pending PCRA petitions are not self-authorizing and cannot

On April 26, 2018, the PCRA court issued Appellant notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss his petition as untimely filed.[2] Appellant filed a response. On July 5, 2018, the PCRA court dismissed Appellant's petition as untimely filed, stating that Appellant was unable to avail himself of the newly-recognized constitutional right set forth in **Miller** because he was over 18 at the time he committed murder.

This timely filed appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant asks us to decide whether the PCRA court erred by dismissing his petition as untimely filed, and argues that the constitutional right recognized in **Miller**, which was made retroactively applicable in **Montgomery v. Louisiana**, __ U.S. __, 136 S.Ct. 718 (2016), should apply to him. Appellant's Brief at 4. Although Appellant was 19 years old at the time he committed murder, Appellant argues, *inter alia*, that **Miller** should not be read so narrowly to confine its application to individuals under the age of 18, particularly because 19-year-olds have the

---

be amended simply by filing a supplemental pleading; rather, amendments are permitted only by the direction or leave of the PCRA court).

[2] There is no explanation in the record for the almost six year delay between the filing of Appellant's petition and the issuance of the PCRA Court's Rule 907 notice. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012).

same type of immaturity and brain development as younger teenagers. *Id.* at 18-26.

We review the court's order mindful of the following. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. In addition, exceptions must be pleaded within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[3] Because the PCRA's time restrictions are jurisdictional in nature, neither this Court nor the PCRA court has the power to address the merits of a petition if it is filed untimely and the petitioner did not plead and prove an applicable time-bar exception. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

It is clear that Appellant's petition is facially untimely; his judgment of sentence became final over 20 years ago. As he did in his petition, Appellant attempts to invoke *Miller* to argue that the newly-recognized and retroactively-applicable constitutional right exception to the PCRA's time bar applies to him. Appellant's Brief at 8, citing 42 Pa.C.S. § 9545(b)(1)(iii). However, the arguments Appellant sets forth in his brief have been resolved

---

[3] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

already by this Court and do not serve to establish the newly-recognized and retroactively-applicable exception to the PCRA's time bar. Because Appellant was 19 years old when he committed his crime, **Miller** does not apply and cannot be used to render his petition timely filed pursuant to subsection 9545(b)(1). **See Commonwealth v. Lee**, ___ A.3d ___, 2019 WL 986978 (Pa. Super. 2019) (*en banc*) (holding that **Miller** applies only to defendants who were under the age of 18 at the time of their crimes; therefore, based on current law, **Miller** cannot be relied upon to establish the PCRA time-bar exception at subsection 9545(b)(1)(iii) for those 18 and older at the time of their crimes). Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 6/11/2019*