J-S32041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                               : PENNSYLVANIA
                                                                 :

                                       v. :

AKEEM WILLIAMS : 

                                       :
                     Appellant : No. 2208 EDA 2018

Appeal from the PCRA Order Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1303721-2006

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

JUDGMENT ORDER BY MURRAY, J.:               **FILED JULY 15, 2019**

Akeem Williams (Appellant) appeals from the order dismissing his request for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). Upon review, we affirm.

On March 6, 2007, following a bench trial, Appellant was found guilty of persons not to possess firearms, firearms not to be carried without a license and carrying a firearm in public.[1] On June 11, 2007, the trial court sentenced Appellant to an aggregate term of five to ten years of imprisonment. Appellant did not file a direct appeal. Rather, on January 14, 2008, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel for Appellant, who filed an amended petition on August 14, 2008. In his amended petition, Appellant

_____

[1] 18 Pa.C.S.A. §§ 6105, 6106(a)(1), and 6108.

asserted that trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf.

Following several continuances, the PCRA court held a hearing on Appellant's petition on May 1, 2009. At the conclusion of the hearing, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the Rule 907 notice. For reasons not apparent from the record, however, the PCRA court did not issue an order formally dismissing Appellant's petition until June 29, 2018, when it concluded that Appellant was not eligible for PCRA relief because he is not currently serving a sentence of imprisonment for his convictions. PCRA Court Opinion, 9/11/18, at 3. This appeal followed.

On appeal, Appellant raises one issue for our review: "Did the Honorable PCRA Court err when it dismissed [Appellant's] Amended Petition without granting relief even though [Appellant] testified that he requested an appeal and that his former counsel could not recall?" Appellant's Brief at 3.

Prior to addressing the merits of this issue, we must determine whether Appellant is eligible for PCRA relief. To be eligible, a PCRA petitioner must, at the time relief is granted, be "(i) currently serving a sentence of imprisonment, probation or parole for the crime; (ii) awaiting execution of a sentence of death for the crime; or (iii) serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1). "As soon as his sentence is completed, the petitioner becomes

- 2 -

ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citing **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997)).

Here, the record reflects that Appellant finished serving his maximum sentence for the crimes at issue on June 11, 2017; consequently, he is ineligible for collateral relief. **See** 42 Pa.C.S.A. § 9543 (a)(1)(i) (requiring, *inter alia*, proof that the petitioner is "currently serving a sentence of imprisonment, probation or parole for the crime"); **see also Williams**, **supra**. Accordingly, no relief is due.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19

---

[2] We nonetheless note that this case languished — inexplicably — for more than nine years from the May 1, 2009 evidentiary hearing until final disposition on June 29, 2018. The lapse is disturbing, and compels us to emphasize the Supreme Court's pronouncement that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012) (citing **Commonwealth v. Porter**, 35 A.3d 4, 24-25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below.")).