J-S01041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAPHAEL TAN, | : | |
| | : | |
| Appellant | : | No. 433 EDA 2019 |

Appeal from the Order Entered January 2, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1103141-1996

BEFORE:   BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:                    Filed: March 23, 2020

Raphael Tan (Appellant) appeals from the January 2, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March 2000, following a bench trial, Appellant was convicted of two counts of first-degree murder, possessing an instrument of crime, criminal conspiracy, and aggravated assault.  Appellant was sentenced to two concurrent terms of life imprisonment for the murders, and concurrent terms of five to ten years of imprisonment for aggravated assault and ten to twenty years of imprisonment for conspiracy.  On appeal, this Court affirmed his judgment of sentence on November 8, 2001, and our Supreme Court

---

[*] Retired Senior Judge assigned to the Superior Court.

denied his petition for allowance of appeal. *Commonwealth v. Tan*, 792 A.2d 619 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 982 (Pa. 2002). Appellant did not seek review before the Supreme Court of the United States, and therefore, his judgment of sentence became final in 2002. In the years following this Court's affirmation of his judgment of sentence, Appellant filed two PCRA petitions, but neither merited relief.

On September 21, 2012, Appellant filed *pro se* the PCRA petition that is the subject of this appeal. In his petition, Appellant deemed that his petition was filed timely and challenged his sentence based on the constitutional right recognized by the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), that it is cruel and unusual punishment to sentence a juvenile to a mandatory sentence of life imprisonment without parole. *Pro se* PCRA Petition, 9/21/2012, at 2-3. Appellant contended, citing a litany of legal authority without any factual averments, that even though he was 21 when he committed the crimes, *Miller* applied to him.[1] *Id.* at 2.

On September 6, 2018, the PCRA court issued Appellant notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss his petition without a

---

[1] Appellant mistakenly stated he was 21 years old at the time he committed the crimes; however, he was 20 years old. Appellant was born October 4, 1972, and the crimes occurred on August 24, 1993.

- 2 -

hearing as untimely filed.[2] Appellant filed a response in which he attempted to invoke the newly-recognized constitutional right exception to the PCRA's time bar.[3] Appellant's 907 Response, 9/20/2018, at 2 (citing *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) (concluding that the Court's holding in *Miller* prohibiting mandatory life without parole sentences for juvenile offenders applied retroactively)).

_____

[2] The certified record offers no explanation for the almost six-year delay between the filing of Appellant's third PCRA petition and the issuance of the PCRA Court's Rule 907 notice. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." *Commonwealth v. Renchenski*, 52 A.3d 251, 260 (Pa. 2012) (citing *Commonwealth v. Porter*, 35 A.3d 4, 24-25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below.")).

[3] This exception provides as follows.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*\*\*

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

On January 2, 2019, the PCRA court dismissed Appellant's petition as untimely filed, stating that Appellant was unable to avail himself of the newly-recognized constitutional right set forth in *Miller* because he was over 18 at the time he committed the murders.

This timely-filed appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but complied with the mandates of Pa.R.A.P. 1925(a) by filing an opinion.

On appeal, Appellant asks us to decide whether the PCRA court erred by dismissing his petition as untimely filed, and argues that the constitutional right recognized in *Miller*, which was made retroactively applicable in *Montgomery*, should apply to him. Appellant's Brief at 2-3. Appellant argues, *inter alia*, that *Miller* should not be read so narrowly as to confine its application to individuals under the age of 18, particularly because individuals between the ages of 18 and 25 have the same type of immaturity as young teenagers. *Id.* at 6-10.

We review the court's order mindful of the following. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. In addition, exceptions must be pleaded within 60 days of the date the claim could have

been presented. 42 Pa.C.S. § 9545(b)(2).[4] Because the PCRA's time restrictions are jurisdictional in nature, neither this Court nor the PCRA court has the power to address the merits of a petition if it is filed untimely and the petitioner did not plead and prove an applicable time-bar exception. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

It is clear that Appellant's petition filed on September 21, 2012 is facially untimely; his judgment of sentence became final in 2002. Appellant attempts to invoke *Miller* and *Montgomery* to argue that the newly-recognized and retroactively-applicable constitutional right exception to the PCRA's time bar applies to him. Appellant's Brief at 2-3, citing 42 Pa.C.S. § 9545(b)(1)(iii). However, the arguments Appellant sets forth in his brief have been resolved already by this Court and do not serve to establish the newly-recognized and retroactively-applicable exception to the PCRA's time bar. Because Appellant was 20 years old when he committed his crimes, *Miller* does not apply and cannot be used to render his petition timely filed pursuant to subsection 9545(b)(1). *See Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*) (holding that *Miller* applies only to defendants who were under the age of 18 at the time of their crimes;

_____

[4] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

therefore, based on current law, **Miller** cannot be relied upon to establish the PCRA time-bar exception at subsection 9545(b)(1)(iii) for those 18 and older at the time of their crimes). Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/20