J-S25005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONZIE DEVERO, | |
| Appellant | No. 2143 EDA 2016 |

Appeal from the PCRA Order Entered June 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002797-2007

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 06, 2017**

Appellant, Donzie Devero, appeals from the post-conviction court's June 6, 2016 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are unnecessary to our disposition of his appeal.  We need only note that he was charged with burglary in four different cases, which were ultimately disposed of in two separate trials in September and November of 2009.

During these trials, Appellant represented himself with court approval and the assistance of a court-appointed public defender.  **See** Trial Court Opinion, 3/13/12, at 1.

At Appellant's first trial commencing on September 1, 2009, the jury convicted him of burglarizing Alicia Carranco's home on North 3rd Street in Philadelphia.  Appellant's second trial began on November 17, 2009, and at the close thereof, the jury found him guilty of committing burglaries at three different residences in Philadelphia.[1]  On January 15, 2010, Appellant was

sentenced in all four cases to an aggregate term of 15 to 30 years' imprisonment. He filed a timely *pro se* notice of appeal and, after conducting a hearing in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the trial court granted him permission to proceed *pro se* [on appeal].

[1] The jury acquitted Appellant of the burglary of a fourth home on East Comly Street in Philadelphia.

**Commonwealth v. Devero**, No. 407 EDA 2010, unpublished memorandum at 1-2 (Pa. Super. filed February 15, 2013).

On direct appeal, this Court affirmed two of Appellant's burglary convictions, but vacated his third, concluding that the evidence was insufficient to sustain that conviction. **See id.** at 10-11. We did not remand for resentencing, as our disposition did not upset the court's overall sentencing scheme. **Id.** at 14. Appellant did not file a petition for allowance of appeal.

Instead, on January 6, 2014, Appellant filed a *pro se* PCRA petition, as well as a *pro se* amended petition on July 14, 2014. Counsel was appointed, and he filed another amended petition on Appellant's behalf on February 27, 2015. On May 3, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on June 6, 2016, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents two issues for our review:

I. Whether the court erred in denying [] Appellant's PCRA petition without an evidentiary hearing on the issues raised in

the amended PCRA petition regarding trial counsel's ineffectiveness[?]

II. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]

Appellant's Brief at 9.

Preliminarily, a discussion of Appellant's first issue will be subsumed within our assessment of his second claim, in which he presents the following four assertions of trial counsel's ineffectiveness:

A. Trial counsel was ineffective for failing to object to the trial court's deficient oral colloquy of [] Appellant's waiver of his Fifth Amendment right to counsel.

B. Trial counsel was ineffective for failing to object to the Judge's request for counsel to cross-examine the fingerprint expert.

C. Trial [c]ounsel was ineffective for failing to object to the Judge's answering of the jury's questions without Appellant's presence.

D. Counsel was ineffective for failing to object to the Judge's answering of the jury questions.

Appellant's Brief at 23, 26, 28, 30 (emphasis omitted).

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001). Additionally, it is well-settled that,

> [t]o prove counsel's ineffectiveness, [an] appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Failure to address any prong of the test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000).

***Commonwealth v. Williams***, 899 A.2d 1060, 1063 (Pa. 2006).

In Appellant's first claim of counsel's ineffectiveness, he argues that his trial attorney (who represented him until he was granted leave to proceed *pro se*) rendered deficient representation during the oral colloquy of Appellant regarding his waiver of the right to counsel. Appellant maintains that counsel should have asked that he be questioned further about his mental health issues, especially after the following exchange between Appellant and the Commonwealth revealed that Appellant suffered from mental illness:

[The Commonwealth]: Are you currently under the influence of drugs or alcohol?

[Appellant]: No, sir.

[The Commonwealth]: Have you ever been treated for mental illness?

[Appellant]: Yes, sir.

[The Commonwealth]: Does that currently impair your abilities?

[Appellant]: No, sir.

[The Commonwealth]: Are you currently receiving any psychiatric care?

[Appellant]: No, not at this time.

N.T. Hearing, 5/19/09, at 11. Trial counsel did not ask for further exploration into Appellant's mental health, and the court ultimately allowed Appellant to proceed *pro se* at trial.

In Appellant's *pro se* PCRA petition, and in his *pro se* amendment thereto, he averred that his mental illness impacted his ability to waive his right to counsel and, thus, his trial counsel should have sought further inquiry about his mental health. More specifically, Appellant asserted that he had been diagnosed with paranoid schizophrenia, and that "he [has] the tendency to lapse [into a] severe state of deep depression, which cause[s] him to hullucinate [*sic*] and hear voices." Appellant's "Supplement Amendment to Brief," 7/14/14, at 3. He also alleged that at the time of the colloquy, he was in a "delusional state" such that he could not understand the decision to waive his right to counsel. *Id.* Appellant maintained that "[r]ecords from the county prison medical department" (which he stated he would subpoena "upon [the] appointment of PCRA counsel") would "verify that [he] was being prescribed a range of medications including but not limited to thorazine, singequan [*sic*] …, and/or Benadryl through all phases of his trial process, including the colloquy and ***Grazier*** hearing." Appellant's Brief in Support of PCRA Petition, 1/6/14, at 4.

However, the PCRA court apparently did not consider the factual assertions, presented in Appellant's *pro se* petitions, regarding his mental illness. Instead, the court only assessed the claims and allegations set forth in Appellant's February 27, 2015 counseled, amended petition (and an

affidavit drafted by Appellant attached thereto). The PCRA court reasoned that "[o]ur courts have strongly suggested that an amended PCRA petition supersedes a preceding *pro se* one." PCO at 4 (citing **Commonwealth v. Renchenski**, 52 A.3d 251, 258, 259 (Pa. 2012) (stating that, "at the time a [PCRA] court is considering 'the petition,' the document at issue is most often the amended petition, as a *pro se* petitioner is entitled to file an amended first petition once counsel is appointed[;]" and also noting that, "in the usual case, the amended petition - rather than the original petition - sets forth the claims that a petitioner must prove and upon which the PCRA court may grant relief")). The PCRA court then concluded that Appellant had failed to plead sufficient facts to demonstrate that, at the time of the oral colloquy, he was suffering from a mental illness that impaired his ability to waive his right to counsel. The court explained that "[n]either [Appellant] nor counsel mentioned [Appellant's mental health] history in their submissions [to the PCRA court,] nor made any attempt to document a mental condition, or in any way demonstrate, or even mention, its extent, of what it consisted[,] nor what affects it had on [Appellant's] rationality at the time of the waiver hearing and trials." *Id.* at 13. The court also stressed that Appellant's statements at the colloquy indicated that his mental health issues were **not** impacting his abilities. *See id.* at 15. Therefore, the court found that Appellant had failed to plead sufficient facts to show that he was prejudiced by counsel's failure to demand further inquiry into his mental health.

Now, on appeal, Appellant's counsel presents **no challenge** to the court's decision not to consider the factual claims presented in Appellant's *pro se* filings. Additionally, in Appellant's Rule 1925(b) statement, counsel referred only to the amended petition, stating: "The court was in error in denying **the amended PCRA filed by PCRA counsel on February 27, 2015 and developed in the amended PCRA**. These issues in the **amended PCRA were the following**[,]" after which counsel stated the four ineffectiveness claims set forth, *supra*. Pa.R.A.P. 1925(b) Statement, 8/17/16, at 1 (emphasis added). Based on PCRA counsel's failure to raise any challenge to the PCRA court's decision to **only** consider the counseled, amended petition, as well as counsel's framing of the issues in Appellant's Rule 1925(b) statement, we cannot address whether the PCRA court erred by ignoring the factual allegations presented by Appellant in his *pro se* filings. **See Commonwealth v. D'Amato**, 856 A.2d 806, 814 (Pa. 2004) (finding the appellant waived a claim where it was "so undeveloped that it [was] the functional equivalent of no argument at all"); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Restricting our review to the claims presented in counsel's amended PCRA petition, we are compelled to agree with the PCRA court that Appellant failed to plead sufficient facts to support his claim that trial counsel was ineffective by not requesting further colloquy into Appellant's mental health. In the amended petition, counsel stated, in pertinent part:

[Trial] counsel should have asked the court during the colloquy to question [Appellant] regarding his mental health history. That would have indicated that [Appellant] was unable to fully comprehend the situation of proceeding without counsel.

The first prong of the [ineffectiveness] test is whether … trial counsel's failure to correct the colloquy has merit. In this case, the prong is met.

The second prong of the [ineffectiveness] test is whether there was a "reasonable basis" to justify counsel's alleged ineffectiveness. In this case, there was no basis not to correct the colloquy.

The third prong is whether [Appellant] has suffered actual prejudice as a result of counsel's ineffectiveness. In this case, there is a clear showing of actual prejudice as a result of counsel's ineffectiveness. Had [Appellant] been given a correct colloquy, he would have proceeded with counsel. Thus, it is evidence that actual prejudice resulted from counsel's ineffectiveness.

Amended PCRA Petition, 2/27/15, at 17-17 (citations omitted). Counsel also attached to this petition an affidavit from Appellant in which Appellant referred to his "disability" and "mental affirmity [*sic*]," but he did not elaborate on the specifics of his mental health issues. ***See id.*** at Appendix A.

Based on the undeveloped assertions in Appellant's amended petition, we must agree with the PCRA court that he did not plead sufficient facts to support that, at the time of the colloquy, he was suffering from a mental health issue that impaired his ability to validly waive his right to counsel. At the time of the oral colloquy, Appellant stated he was not on medication, he was not receiving psychiatric care, and his mental health issues were not impacting his decision to waive his right to counsel. Without at least some

description by Appellant, in his amended PCRA petition, of what his mental health issues were at the time of the waiver colloquy, and how they impacted his ability to waive his right to counsel, he simply cannot demonstrate that he was prejudiced by trial counsel's failure to demand further colloquy regarding his mental health. Accordingly, the PCRA court did not err in rejecting Appellant's first claim of trial counsel's ineffectiveness.

Appellant's remaining three claims of ineffectiveness are also meritless. Essentially, Appellant contends that his **standby counsel** was ineffective for: (1) failing to object when the trial court instructed standby counsel to cross-examine an expert witness, (2) failing to object to the trial court's answering a question from the jury when Appellant was allegedly not present in the courtroom, and (3) failing to object to the content of the court's answer to the question by the jury. Our Supreme Court has declared that "the law is clear that a defendant who chooses to represent himself has no recourse if he **or standby** counsel has been ineffective." **Commonwealth v. Fletcher**, 986 A.2d 759, 778 (Pa. 2009) (emphasis added); **see also Commonwealth v. Spotz**, 47 A.3d 63, 83 (Pa. 2012) (clarifying that "the appointment of standby counsel does **not** imply or authorize some sort of hybrid representation[,]" and reiterating **Fletcher's** holding that "a defendant who chooses to represent himself cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel") (emphasis in original). Because Appellant chose to waive his right to

counsel and proceed *pro se*, he cannot now claim that his standby counsel rendered ineffective representation.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017