J. S66037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PHILLIP ALLEN, | : | No. 1991 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 16, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000070-2012,
CP-51-CR-0005939-2010, CP-51-CR-0007583-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 07, 2019**

Phillip Allen appeals from the June 16, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, after he repeatedly failed to appear for his evidentiary hearing. After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> Appellant was charged with Persons Not to Possess Firearms, Firearms Not to Be Carried without a License, Carrying Firearms on Public Streets or Public Property and Knowing and Intentional Possession of a Controlled Substance.  On August 13, 2013, [appellant] entered an open guilty plea to Persons Not to Possess Firearms,[1] with the remaining charges **nolle prossed**.

---

[1] 18 Pa.C.S.A. § 6105(a).

At the plea hearing, the Court conducted a thorough colloquy to ensure that [a]ppellant's decision to plead guilty was knowingly, intelligently and voluntarily made. Among other things, the following facts were set forth on the record as though they would have been presented at trial:

> On December 15th of 2011, Police Officer Tomon and Police Officer Thompson were in the area of the 900 block of North 18th Street in the city and county of Philadelphia when they observed [appellant], who is seated at the bar of the court, exit a Chinese store, shake the hands of a few individuals, look in the direction of the police officers, make eye contact, and immediately grab at the right side of his waistband.
>
> [Appellant] continued to walk northbound on 18th Street. The officers followed in their vehicle. As Officer Tomon went to exit his vehicle and to ask [appellant] to stop, [appellant] took off running northbound on 18th Street, eastbound on Girard, and then southbound on North 17th Street.
>
> During that entire time, the officer was between 15 and 20 feet behind [appellant]. [Appellant] continued to grab onto the right side of his waistband. The officer did lose [appellant] for a small period of time when [appellant] ran behind a house and hid behind a dumpster.
>
> [Appellant] then came out from behind the dumpster. At that point the officer observed an object in [appellant's] right hand that was approximately seven to eight inches long. It took the officer a few seconds, and then the officer recognized

it to be a firearm. At that point [appellant] ran behind a Ford Expedition. The officer lost sight of [appellant]. [Appellant] then reappeared from that Ford Expedition with nothing in his right hand.

[Appellant] then jumped over a few fences and was stopped in the area of the 1700 block of Ridge [Avenue] in a rear yard. Recovered from [appellant] [were] three packets of crack cocaine. The officer retraced his footsteps back to that black Ford Expedition.

Recovered from the Ford Expedition's tire well, on top of a tire, was a black-in-color revolver with wooden grips and a 7.5 inch barrel, .22 caliber model, loaded with five rounds and one spent round.

In addition, [appellant] has two prior [possession with intent to deliver a controlled substance ("PWID")[2]] convictions, making him ineligible to carry a firearm. One of the CP numbers is CP-51-CR-0007583-2010.

> THE COURT: Are those facts, correct, [appellant]?
>
> [APPELLANT]: Yes.
>
> THE COURT: I do accept your guilty plea as being made knowingly, intentionally and voluntarily.

[Notes of testimony, 8/13/13 at 9-11.]

On the same date, the parties proceeded to sentencing on the above case, as well as two (2)

---

[2] 35 P.S. § 780-113(a)(30).

violation of parole (V.O.P.) cases stemming from his prior PWID convictions. Upon considering all the relevant facts and circumstances, including but not limited to [a]ppellant's accepting responsibility for his actions, his young age (22), expression of remorse, familial background and support, as well as the testimony of his sister, the Court imposed a **mitigated** sentence of 2½ to 7 years' incarceration for Persons Not to Possess Firearms,[Footnote] a concurrent term of 2½ to 7 years' incarceration for V.O.P. at No. 0005939, and a consecutive term of 3 years' probation for V.O.P. at No. 0007583. ([**See** notes of testimony, 8/13/13 at 3-26.])

> [Footnote] The Commonwealth requested a standard guidelines sentence of four to eight years' incarceration. ([**See** notes of testimony, 8/13/13 at 12-13.])

Appellant did not file a post-sentence motion or direct appeal. However, on June 17, 2014, he filed a **pro se** PCRA petition, claiming that he did not receive sufficient credit for time served. PCRA counsel thereafter was appointed, and on July 27, 2016, in lieu of filing an amended PCRA petition, he filed Motion for Credit for Time Served. On January 4, 2017, the Court denied the motion, but permitted counsel to file an amended PCRA petition.

On February 6, 2017, counsel for [a]ppellant filed an amended PCRA petition, claiming that: (1) his guilty plea was involuntarily entered because he was under the false impression that he would receive two years' credit for time served, but did not receive two years' credit (it was applied to his pre-violation sentence in his PWID cases, not to his current Firearms or V.O.P. cases); and (2) counsel was ineffective for allowing him to plead guilty under a false impression/failing to inform him that he would not receive a full two years' credit for time served.

The Commonwealth did not oppose, and the Court granted, an evidentiary hearing to resolve [a]ppellant's issues on the record. Appellant, who was

- 4 -

no longer incarcerated, failed to attend the scheduled hearing on multiple occasions, however, leading to multiple continuances. A final hearing date was scheduled for June 16, 2017, with counsel accepting service for [a]ppellant on the record. On June 16, 2017, despite notice of the evidentiary hearing, [a]ppellant failed to appear. At said hearing, counsel for [a]ppellant indicated that [a]ppellant had also failed to meet with his state parole officer two days earlier. Additionally, the Commonwealth confirmed that [a]ppellant was not in custody, and counsel for [a]ppellant confirmed to the Court that he advised [a]ppellant of his need to attend the hearing. Accordingly, with [a]ppellant knowingly failing to appear, the Court dismissed the PCRA petition for failure to prosecute [on June 16, 2017]. ([*See* notes of testimony, 6/16/17 at 3-7.])

PCRA court opinion, 1/12/18 at 1-4 (citations to notes of testimony reformatted).

On June 20, 2017, appellant filed a timely notice of appeal. On August 16, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on August 25, 2017, and the PCRA court filed its Rule 1925(a) opinion on January 12, 2018.

Appellant raises the following issues for our review:

1. Did the [PCRA] court err in denying [appellant's] motion for time credit in his concurrent sentences in this matter[?]

2. Did the [PCRA] court err in denying relief based on ineffective assistance of counsel for failure to alert the court and [appellant] that the contemplated credit discussed at [appellant's] sentencing would not be applied under the time credit regulations consistent with what

- 5 -

[appellant] reasonably believed he would be credited based on the court's assertions, as cited *supra*, and where this failure to alert the court and [appellant] led [appellant] to agree to consolidation of his cases for the purpose of the proposed sentence, which depended on credit for time served to be applied to both his front and back cases, which were to run concurrent to one another?

Appellant's brief at 3 (full capitalization, citations to case law, and footnote omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Upon review, we agree with the PCRA court that appellant's PCRA petition was properly dismissed for failure to prosecute. Pennsylvania Rule of Criminal Procedure 908 provides a PCRA petitioner with a rule-based right to appear, in person, at the PCRA hearing. Specifically, Rule 908(C) provides that, "[t]he judge shall permit the [petitioner] to appear in person at the

[PCRA] hearing and shall provide the [petitioner] an opportunity to have counsel." Pa.R.Crim.P. 908(C).

In the instant matter, the PCRA court scheduled an evidentiary hearing on May 19, 2017, to receive and consider testimony as to whether the ineffectiveness of appellant's plea counsel[3] induced him to enter an unknowing and involuntary guilty plea. The Commonwealth did not object to this evidentiary hearing. (Notes of testimony, 4/7/17 at 2.) The record reflects that appellant was initially present at the May 19, 2017 evidentiary hearing, but left to attend work and did not testify. The PCRA court subsequently continued the hearing to June 2, 2017, and PCRA counsel[4] accepted service on appellant's behalf. Appellant failed to appear for the evidentiary hearing scheduled for June 2, 2017. Following a second continuance, a third evidentiary hearing was scheduled for June 16, 2017, with PCRA counsel accepting service for appellant on the record. (*See* notes of testimony, 6/16/17 at 5-6.) Appellant again failed to appear at the hearing. At said hearing, PCRA counsel indicated that he did not know appellant's whereabouts and that appellant had also failed to show up for a meeting with his parole officer two days earlier. (*Id.* at 3-4.) The Commonwealth, in turn, confirmed that appellant was not in custody. (*Id.* at 4.) Notably, PCRA counsel did not

---

[3] Appellant was represented during his guilty plea proceedings by Olwyn Conway, Esq.

[4] Appellant was represented during his PCRA proceedings by his current counsel, Henry McGregor Sias, Esq.

aver that appellant's failure to attend the June 16, 2017 hearing was the result of lack of proper notice. Additionally, PCRA counsel previously noted on the record that he was in frequent contact with appellant and that they "text all the time[.]" (**See** notes of testimony, 4/7/17 at 3.) Appellant, in turn, does not argue on appeal that he was unaware of said hearing or "was otherwise excusably engaged." (PCRA court opinion 1/12/18 at 5 (emphasis omitted); **see also** appellant's brief at 6-7.) On the contrary, the record reflects that PCRA counsel advised appellant of his need to testify at the hearing, and conceded that the mandates of Rule 908 were satisfied and the PCRA court had the discretion to dismiss appellant's petition. (Notes of testimony, 6/16/17 at 6.)

> [PCRA counsel]: Procedurally, Your Honor, I think this is the Rule 908 hearing and given that [appellant] has failed to appear, there is no need for a 907 notice, as far as I know, given you ordered a hearing. So if Your Honor wants, you can dismiss the case right now.

**Id.** at 5.

Our supreme court has recognized that the PCRA court "has an essential role in ensuring the timely resolution of PCRA matters" and "[t]he court, not counsel, controls the scope, timing and pace of the proceedings below." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012), citing **Commonwealth v. Porter**, 35 A.3d 4, 24-25 (Pa. 2012). Given the record before us, we agree with the PCRA court that, "[a]ppellant forfeited his right to prosecute his PCRA petition[]" in this case. (PCRA court opinion, 1/12/18

at 5.) It logically follows that where a petitioner knowingly and repeatedly fails to appear for an evidentiary hearing and present evidence on allegations set forth in his PCRA petition, he waives any right to litigate these underdeveloped claims on appeal. Moreover, absent testimony from appellant to support the allegations of ineffectiveness raised in his PCRA petition, the PCRA court was free to conclude that appellant has failed to meet his burden of proving first prong of the ineffectiveness test; namely, that the claim has arguable merit. *See Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (stating, to prevail on a claim of ineffective assistance of counsel, a petitioner must establish "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced[]" (citation omitted)), *appeal denied*, 104 A.3d 523 (Pa. 2014).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19

- 9 -