J-S82041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CANNON, | : | |
| | : | |
| Appellant | : | No. 3847 EDA 2017 |

Appeal from the PCRA Order October 16, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000684-2012

BEFORE: LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:           **FILED MARCH 25, 2019**

John Cannon (Appellant) appeals *pro se* from the order entered on October 16, 2017, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On January 23, 2013, Appellant was convicted in a non-jury trial of aggravated assault (graded as a felony of the first degree), possession of instrument of a crime, terroristic threats, and related charges.

> The incident that gave rise to [Appellant's] conviction was recounted by the Superior Court. [**Commonwealth v. Cannon**, 116 A.3d 691 (Pa. Super. 2014) (unpublished memorandum).] Briefly, [Appellant] lived in Norwood, Pennsylvania and over a four[-]year period[, Appellant] threatened and harassed members of two neighboring families. His hostile and abusive behavior, including threats to shoot or stab his neighbors, was reported to the police on many occasions. During the day of January 7, 2012[,] police responded to [Appellant's] complaints about the noise level coming from his neighbors' outside activities. The responding officers determined that [Appellant's] complaints were baseless.

---

*Retired Senior Judge assigned to the Superior Court.

Later that day[,] the neighbors were watching football in the home next door to [Appellant's home]. Occasionally[,] the two adult men went outside the home to smoke. [Appellant] was intoxicated and shouted profanity-laced insults at the neighbors when they were outside smoking. The last time the neighbors went outside to smoke[,] a verbal altercation between [Appellant] and the two men escalated into an assault. [Appellant] threatened to "fucking kill" one neighbor [the Victim] and when the Victim retorted, "just go into mommy's house," [Appellant] hurtled over the fence that separated the properties and stabbed the Victim several times. He stabbed the Victim in his neck and arm. The Victim was rushed to the hospital and he suffered a severed artery, ligaments and tendons, along with trauma to his ulnar nerve, impairing his motion for months. He suffered numbness in the arm and permanent scarring following the attack.

PCRA Court Opinion, 1/26/2018, at 2-3 (some quotation marks omitted). Police arrested Appellant after the incident. Appellant gave a written statement to police in which he claimed he acted in self-defense; he stated that the Victim attacked him with a knife, and Appellant grabbed the knife and swung it at the Victim in self-defense. *Cannon*, 116 A.3d 691 (unpublished memorandum at 3).

Following a bench trial, Appellant was convicted of the aforementioned crimes, and on April 8, 2013, he was sentenced to an aggregate term of 10 to 20 years of incarceration, followed by five years of probation. Appellant filed a direct appeal to this Court, and on December 18, 2014, we affirmed Appellant's judgment of sentence. *Cannon*, *supra*. Appellant did not seek allowance of appeal with our Supreme Court.

On November 20, 2015, Appellant timely filed a *pro se* PCRA petition, and the PCRA court appointed counsel on December 18, 2015. On September 7, 2017, counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1] The PCRA court granted counsel's petition to withdraw on September 13, 2017. On the same day, the PCRA court filed notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. Appellant filed a response *pro se*, and on October 17, 2017, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents four claims for our review, and we review each according to the following. "Our standard of review of a [] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d

---

[1] The reason for the nearly two-year delay between PCRA counsel's appointment and motion to withdraw appears to be attributed solely to counsel's numerous requests for extensions of time, and the PCRA court's grants thereof. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012).

185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Because Appellant's first three claims assert ineffectiveness of trial counsel, we bear in mind the following. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008).

Appellant first contends that trial counsel was ineffective in failing to seek to amend the information to include the lesser charge of aggravated assault of the second degree. Appellant's Brief at i. Specifically, Appellant claims that there was insufficient evidence to support his conviction of the more serious aggravated assault charge, a felony of the first degree, and thus, trial counsel should have sought amendment to include the lesser

charge.[2]  *Id.* at 4-7.  In essence, Appellant is arguing that if his information had included both a first degree and second degree aggravated assault charge, he would not have been convicted of the more serious charge.  *Id.* at 7.

In considering this issue, the PCRA court found that it lacked arguable merit, and Appellant could not show he was prejudiced.  PCRA Court Opinion, 1/26/2018, at 6.  In his direct appeal, Appellant challenged the sufficiency of the evidence to support his first-degree felony aggravated assault conviction.  *Cannon*, 116 A.3d 691 (unpublished memorandum at 4).  While this Court found Appellant had waived review of this claim, it nonetheless concluded that even if Appellant had not waived it, there was sufficient evidence to support the conviction.  We found that "the record supports the trial court's finding that Appellant committed an intentional, knowing or reckless act, under circumstances manifesting extreme indifference to human life when he forcefully stabbed [the Victim] with a knife."  *Id.* at 10.  Thus, because the evidence was sufficient to convict Appellant of the more serious offense, there is no merit to his contention that being charged with the lesser offense would have resulted in him being found not guilty of the more serious offense.  Accordingly, Appellant is not entitled to relief on this claim.

---

[2] *See* 18 Pa.C.S. § 2702(a)(1), (a)(4), (b).

Appellant's next claim relates to trial counsel's failing to object to the admission of medical reports of the Victim's physicians. Appellant's Brief at i. According to Appellant, because the physicians' reports were admitted, but the physicians did not testify, trial counsel was ineffective in failing to object to that evidence. *Id.* at 7. The PCRA court determined Appellant waived this claim for failure to raise it in his PCRA petition. PCRA Court Opinion, 1/28/2018, at 7. We agree. Appellant did not raise this claim before the PCRA court; it was not raised in his PCRA petition, nor was it set forth in the ***Turner*/*Finley*** letter or Appellant's *pro se* response to the PCRA court's Rule 907 notice. Appellant first raised this claim in his Rule 1925(b) statement. Accordingly, this claim is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

We now turn to Appellant's third ineffectiveness claim, wherein he argues that trial counsel was ineffective for entering into a stipulation to the admission of evidence of his prior bad acts. Appellant's Brief at i. He claims the stipulation between Appellant and the Commonwealth to admit evidence of the history between Appellant and the Victim was unclear, and that in any event, the evidence was inadmissible. ***Id.*** at 9-12. The PCRA court found this claim lacked arguable merit because the evidence was admissible.

> Evidence of an ongoing and deteriorating relationship between the parties and [Appellant's] threats and false reports to police throughout the day of the incident, January 7, 2012, was admissible pursuant to [Pa.R.E.] 404(b) to demonstrate the

sequence of events which formed the history of the case. ***See*** Pa.R.E. 404(b); ***Commonwealth v. Walker***, 656 A.2d 90 (Pa. 1995); ***Commonwealth v. Russell***, 938 A.2d 1082 (Pa. Super. 2007).

PCRA Court Opinion, 1/28/2018, at 7.

> The admission into evidence of prior bad acts is within the sound discretion of the trial court and may be reversed only upon a showing that the court abused that discretion. While it is true that evidence of prior bad acts or unrelated criminal behavior are generally inadmissible, this Court has recognized that there are certain exceptions to the rule. Evidence of criminal conduct which tends to establish malice, motive or intent for the offense charged is generally admissible. Furthermore, our courts will allow evidence of prior bad acts where the distinct crime or bad act, was part of a chain or sequence of events which formed the history of the case and was part of its natural development.

***Walker***, 656 A.2d at 99 (citations and quotation marks omitted) (finding trial counsel not ineffective for failing to object to admission of evidence of Walker's repeated threats and abuse of victim to show "the natural progression of events leading up to the murder").

As in ***Walker***, evidence of the parties' history, namely witness and police officer testimony about prior incidents where police officers responded to complaints involving Appellant and the Victim, was admitted to show the "sequence of events which formed the history of the case and was part of its natural development." 656 A.2d at 99. Thus, we agree with the PCRA court that this evidence was admissible. Based on the foregoing, Appellant's claim is without merit, and trial counsel was not ineffective for stipulating to this evidence. ***See Commonwealth v. Tilley***, 780 A.2d 649 (Pa. 2001)

(holding that counsel will not be deemed ineffective for failing to raise a meritless claim).  Accordingly, Appellant is not entitled to relief on this claim.

Appellant's final claim is that the police officers involved in Appellant's case violated his constitutional rights "in as much as they were acting in bad faith and not in accord with normal practices and procedures."  Appellant's Brief at ii.  Specifically, he claims that the police officers "failed to collect, preserve and forensically test blood evidence as no officer tried to either confirm or refute [Appellant's] version of events."  *Id.* at 13.

Initially, we observe that Appellant has previously attempted to couch this claim in terms of counsel's ineffectiveness, *see Turner/Finley* Letter, 9/7/2017, at 7; *Pro Se* Rule 907 Response, 10/10/2017, at 3 (pagination supplied), but he does not claim ineffectiveness of counsel for this issue on appeal.  While Appellant's PCRA petition alleges prosecutorial, not police, misconduct relating to this claim, *see* PCRA Petition, 11/20/2015, at 3A, we will nonetheless address it since Appellant's petition claims "'shoddy' police work" in failing to conduct forensic testing led to the prosecutor's "selective enforcement" of his prosecution.  *Id.*

To be eligible for PCRA relief on constitutional grounds, Appellant must plead and prove by a preponderance of the evidence that his conviction resulted from a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no

reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i).

The PCRA court found the claim was a "bald allegation that lack[ed] the support of any evidence within or outside the record. It has no arguable merit because it is patently frivolous." PCRA Court Opinion, 1/28/2018, at 7. Appellant fails to articulate how such blood testing could have aided his defense, and he has not asserted anything more than a general, unsubstantiated allegation of bad faith by the police. He seems to argue that because the police officers took pictures of the blood at the scene, but did not test the blood itself, this failure amounts to bad faith.

We agree with the PCRA court that Appellant is not entitled to relief on this claim, as his proffer does not demonstrate bad faith on the part of the police. *See Commonwealth v. Gibson*, 951 A.2d 1110 (Pa. 2008) (holding Gibson not entitled to PCRA relief on claim that police willfully failed to preserve exculpatory evidence), *quoting Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"). In *Gibson*, we stated that "the [U.S.] Supreme Court has recognized that the police are not constitutionally required to perform specific forensic tests on evidence collected." 951 A.2d at 1140, *citing Youngblood*, 488 U.S. at 59. Accordingly, no relief is due.

Because Appellant has not presented any issue on appeal that would entitle him to relief under the PCRA, we affirm the order of the PCRA court.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19

---

[3] To the extent Appellant claims ineffectiveness of direct appeal and PCRA counsel relating to his first and second issues, **see** Appellant's Brief at 7, 9, such claims are waived for failure to include them in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b) s]tatement … are waived."); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived").