J-S63041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JOEY VIDAL GONZALEZ, | : | |
| Appellant | : | No. 721 EDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004500-2001

BEFORE: GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 08, 2020**

Joey Vidal Gonzalez (Appellant) appeals from the order entered March 5, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without a hearing. We affirm.

When he was 18 years old, Appellant participated in the robbery and shooting death of a woman. A jury convicted him of second-degree murder, robbery, and criminal conspiracy. On November 25, 2002, Appellant was sentenced to life imprisonment without parole and concurrent sentences for the remaining counts. On April 2, 2004, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on August 9, 2004. ***Commonwealth v. Gonzalez***, 850

_____

[*] Retired Senior Judge assigned to the Superior Court.

A.2d 7 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 857 A.2d 677 (Pa. 2004). His first and second PCRA petitions resulted in no relief.

On March 24, 2016, Appellant filed *pro se* the petition that is the subject of this appeal. On June 3, 2016, counsel was appointed. Counsel did not file an amended petition and eventually, counsel filed a motion to withdraw pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 19, 2016, while still represented by his court-appointed counsel, Appellant *pro se* filed a motion to amend his petition. Attached to Appellant's motion was an amended petition and a memorandum in support. Because Appellant was represented by counsel at the time, and hybrid representation is prohibited, the PCRA court denied Appellant's motion. Order, 7/20/2016.

In his amended PCRA petition[1] Appellant acknowledged that his petition was filed untimely, but averred that he could satisfy the time-bar exceptions

---

[1] Because the PCRA court denied Appellant's *pro se* motion to amend, any issues raised for the first time in his amended PCRA petition are arguably waived. However, despite denying Appellant's motion, in its subsequent orders and opinion to this Court, the PCRA court appears to focus on, and make reference to, the arguments made by Appellant in his amended petition. **See e.g.** Trial Court Opinion, 3/27/2019, at 2-3. Thus, for the purposes of disposing of this appeal, we shall do the same.

set forth in subsections 9545(b)(1)(ii)[2] and (iii).[3]  *Pro se* PCRA Petition, 7/19/2016, at 3.  Appellant relied upon the constitutional right recognized by the United States Supreme Court in ***Miller v. Alabama***, 567 U.S. 460 (2012) (holding that it is cruel and unusual punishment to sentence a juvenile to a mandatory sentence of life imprisonment without parole), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016) (holding that ***Miller*** applies retroactively to cases on state collateral review).  Appellant contended that even though he was 18 years old when he committed his crime, his brain development was on par with individuals under the age of 18, and therefore ***Miller*** applied to him. ***See*** Memorandum in Support of *Pro se* PCRA Petition, 7/19/2016, at 16-17.

---

[2]

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

[3] To establish this time-bar exception, the petitioner must plead and prove that he is asserting a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).

On August 18, 2016, the PCRA court issued Appellant notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss his petition as untimely filed. Soon thereafter, private counsel entered his appearance.[4] A second notice of the court's intent to dismiss was entered on February 13, 2019.[5] Appellant, through counsel, filed a response, asserting, *inter alia*, that a hearing was "needed to develop a proper record for a [**Miller**] juvenile lifer challenge." Motion in Opposition to PCRA Dismissal, 2/26/2019, at 2. On March 5, 2019, the PCRA court dismissed Appellant's petition as untimely filed, stating that Appellant was unable to avail himself of a timeliness exception because Appellant was over 18 at the time he committed murder.

This timely filed appeal followed.[6] On appeal, Appellant asks us to decide whether the PCRA court erred by dismissing his petition "without allowing a hearing to develop the appropriate evidence to support a

---

[4] It is unclear from the record whether the PCRA court granted court-appointed counsel's motion to withdraw.

[5] There is no explanation in the record for the two-and-a-half-year delay between the issuance of the PCRA court's first Rule 907 notice and its second notice, which the PCRA court acknowledges. **See** Notice of Intent to Dismiss, 2/13/2019, at 2, n.5 ("Given the inexplicable gap between the [PCRA court's August 18, 2016 order], and now …."). Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012).

[6] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

constitutional challenge pursuant to" **Miller**. Appellant's Brief at 5 (unnecessary capitalization omitted). Although Appellant was 18 years old at the time he committed murder, Appellant argues, *inter alia*, that the "reasoning in [**Miller**] is just as applicable to an individual who is 18 years and 2 months old[7] as it is to an individual a day under 18." *Id.* at 9.

We review the court's order mindful of the following. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. In addition, exceptions must be pleaded within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[8] Because the PCRA's time restrictions are jurisdictional in nature, neither this Court nor the PCRA court has the power to address the merits of a petition if it is filed untimely and the petitioner did not plead and prove an applicable time-bar exception. **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

---

[7] Appellant's date of birth is July 1, 1983. The aforementioned crimes were committed on the evening of October 29, 2001, approximately four months after Appellant turned 18.

[8] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from 60 days of the date the claim could have been presented, to one year. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

It is clear that Appellant's 2016 petition is facially untimely; his judgment of sentence became final in 2004. In his amended PCRA petition, Appellant attempts to invoke **Miller** to argue that he meets two of the timeliness exceptions. However, in his brief to this Court, Appellant all but abandons any argument related to the timeliness exceptions. Instead, Appellant argues that, because there are pending cases before the Pennsylvania Supreme Court that contemplate the very arguments raised by Appellant with respect to the applicability of **Miller** to defendants who were over the age of 18 at the time their crime was committed, the PCRA court should have granted a hearing to allow Appellant to develop a record to support his claims. Appellant's Brief at 10-13. We disagree.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Walls**, 993 A.2d 289, 295 (Pa. Super. 2010) (citations omitted).

This Court has held repeatedly that because **Miller** does not apply to a defendant who was 18 or older at the time he committed his crime, a petitioner who was not under the age of 18 when he committed murder cannot rely on **Miller** and its progeny to avail himself of the time-bar exceptions. **See**

*Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (citing *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013)); *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (reaffirming the holding in *Furgess* that *Montgomery v. Louisiana* did not extend *Miller*'s holding to individuals who committed homicides after they reached the age of 18). *See also Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*) (holding that *Miller* applies only to defendants who were under the age of 18 at the time of their crimes; therefore, based on current law, *Miller* cannot be relied upon to establish the PCRA time-bar exception at subsection 9545(b)(1)(iii) for those 18 and older at the time of their crimes).

In light of the foregoing, because Appellant did not plead facts that would establish an exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition without holding a hearing. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception). Accordingly, the PCRA court did not err in dismissing Appellant's petition.[9]

---

[9] Certainly, if either the United States Supreme Court or the Pennsylvania Supreme Court issues a decision holding that *Miller* applies to those defendants over the age of 18, Appellant may file a PCRA petition within one year of that decision, attempting to invoke the "new retroactive right" exception pursuant to subsection 9545(b)(1)(iii). *See Lee*, 206 A.3d at 11

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20

---

("Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent.").