J-S32030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL BAILEY | : | |
| | : | |
| Appellant | : | No. 105 EDA 2019 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0312881-2004

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JULY 17, 2020**

Appellant, Nathaniel Bailey, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 17, 2005, a jury convicted Appellant of second-degree murder, carjacking, conspiracy, and possessing instruments of crime.  The court sentenced Appellant on August 10, 2005, to an aggregate term of life imprisonment.  This Court affirmed Appellant's judgment of sentence on August 15, 2007, and our Supreme Court denied allowance of appeal on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

December 19, 2007.  *See Commonwealth v. Bailey*, 935 A.2d 3 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 595 Pa. 710, 939 A.2d 889 (2007).

On December 19, 2008, Appellant timely filed his first PCRA petition *pro se*.  The court appointed counsel, who filed a motion to withdraw on July 15, 2010, along with a "no-merit" letter pursuant to *Turner*/*Finley*.[2]  On July 16, 2010, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.  Appellant filed a *pro se* response on July 26, 2010, and the court formally denied PCRA relief on August 27, 2010.

On May 30, 2011, Appellant filed the current, second PCRA petition *pro se*.  In his petition, Appellant claimed he did not receive the order denying relief on his first PCRA petition until March 7, 2011.  Appellant claims he wanted to file a notice of appeal from the denial of PCRA relief, so the next day, Appellant claimed he filed an "application to file an appeal *nunc pro tunc*" in the PCRA court.  Appellant said the PCRA court took no action regarding that filing.[3]  Meanwhile, Appellant said he conducted research that led him to believe he needed to file his notice of appeal in the Superior Court, so on March 31, 2011, Appellant mailed an "application to file an appeal *nunc pro*

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The record does not contain any evidence of Appellant's purported filing in the PCRA court.

*tunc*" to this Court.[4]  On May 10, 2011, this Court denied Appellant's application without prejudice to seek relief in the PCRA court under the PCRA.

Appellant asserted the governmental interference and newly-discovered facts exceptions to the PCRA time-bar.  Regarding the governmental interference exception, Appellant alleged the PCRA court's failure to provide notice of its denial of PCRA relief for almost seven months interfered with Appellant's ability to file a timely notice of appeal.  Nevertheless, Appellant repeated that he immediately tried to file a notice of appeal in the PCRA court after receiving the order denying PCRA relief, but the court took no action on that filing.  With respect to the newly-discovered facts exception, Appellant maintained he was unaware of the order denying PCRA relief until March 7, 2011.  Appellant claimed he exercised due diligence after discovering the order denying PCRA relief by immediately attempting to file notices of appeal in the PCRA court and in this Court.

Appellant attached to his PCRA petition: (1) an envelope from the Philadelphia County Clerk of Courts post-marked March 5, 2011, which Appellant maintained was the envelope containing the court's order denying PCRA relief; and (2) a copy of the August 27, 2010 order denying PCRA relief, with a notation from Appellant's corrections officer confirming that the officer received that piece of mail on March 7, 2011.  Appellant sought reinstatement

_____

[4] This Court docketed Appellant's filing at 43 EDM 2011 on April 8, 2011.

- 3 -

of his right to appeal the denial of his first PCRA petition *nunc pro tunc*.

On September 18, 2018, the court issued Rule 907 notice.[5] Appellant did not respond, and the court denied Appellant's petition as untimely on November 16, 2018. Appellant timely filed a *pro se* notice of appeal on December 11, 2018. On January 9, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant subsequently complied with the court's order.

On appeal, Appellant argues his second PCRA petition established either the governmental interference or newly-discovered facts exception to the PCRA time-bar, reiterating the arguments he advanced in his PCRA petition.[6] For the following reasons, Appellant's claims merit no relief.

The timeliness of a PCRA petition is a jurisdictional requisite.

---

[5] Prior to issuing Rule 907 notice, the Commonwealth had requested a continuance in January 2018, to file a response to Appellant's petition, which the Commonwealth ultimately filed on July 18, 2018. Before that, however, the record does not indicate any activity regarding Appellant's petition or explain the significant delay between the filing of Appellant's current PCRA petition and court action on the petition. ***See Commonwealth v. Renchenski***, 616 Pa. 608, 623, 52 A.3d 251, 260 (2012) (stating PCRA court has ability and responsibility to manage its docket and caseload and thus has essential role in ensuring timely resolution of PCRA matters).

[6] Appellant also argues, *inter alia*, the PCRA court violated his rights by waiting eight years to decide the current petition, the PCRA court should have recused itself in this matter, counsel abandoned Appellant regarding his first PCRA petition by filing a ***Turner***/***Finley*** letter, and the prosecutor at Appellant's trial was corrupt. Because Appellant articulates each of these claims for the first time on appeal, they are waived. ***See*** Pa.R.A.P. 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal).

*Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Significantly, at the time Appellant filed his second PCRA petition, he was required to file his petition within 60 days of the

date the claim could have first been presented.[7]  **See** 42 Pa.C.S.A. § 9545(b)(2).  The "60-day rule" is "of jurisdictional significance and will be strictly enforced."  **Commonwealth v. Vega**, 754 A.2d 714, 718 (Pa.Super. 2000).  Thus, "when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have first been brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims."  **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on March 18, 2008, upon the expiration of time to file a petition for writ of *certiorari* in the U.S. Supreme Court.  **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari* with U.S. Supreme Court).  Appellant filed the current PCRA petition on May 30, 2011, which is patently untimely.  **See** 42 Pa.C.S.A. § 9545(b)(1).  To overcome the PCRA's timeliness requirements, Appellant attempts to invoke the governmental interference and newly-discovered facts exceptions.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i-ii).

---

[7] As of December 24, 2018, Section 9545(b)(2) changed the 60-day rule and now allows **one year** from the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146 § 2, effective in 60 days [Dec. 24, 2018] for claims arising on or after December 24, 2017.  This amendment does not apply to Appellant's case.

Nevertheless, even if we accept as true Appellant's claim that he did not receive the court's August 27, 2010 order denying PCRA relief until March 3, 2011, he did not file his current PCRA petition until May 30, 2011—beyond the 60-day deadline. *See* 42 Pa.C.S.A. § 9545(b)(2). To the extent Appellant argues that this Court's May 20, 2011 order denying without prejudice Appellant's "application to appeal *nunc pro tunc*" implicitly authorized Appellant to file an untimely PCRA petition, the PCRA court rejected that claim as follows:

> In this case, [Appellant] improperly sought leave to appeal *nunc pro tunc* directly from the Superior Court even [though] there is no mechanism for doing so. The Superior Court dismissed the appeal because it did not have jurisdiction. Lacking jurisdiction, the Superior Court had no authority [to] extend any deadline mandated by the PCRA. [**Commonwealth v. Harris**, 972 A.2d 1196, 1200 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009)] (noting that "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act") *quoting* [**Commonwealth**] **v. Eller**, 569 Pa. 622, 634, 807 A.2d 838, 845 (2002). In this case, the Superior Court's instruction to [Appellant] simply stated the extant law and has no bearing on this PCRA [c]ourt's determination of the timeliness of a petition under § 9545(b)(2). In turn, this [c]ourt has no authority to consider [Appellant's second PCRA petition] where it was filed more than 60 days after the time period allowed [under Section 9545(b)(2)].

(PCRA Court Opinion, filed September 13, 2019, at 4-5).[8]  Based upon the foregoing, Appellant's current petition remains time-barred.[9]  ***See Gamboa-Taylor, supra***; ***Vega, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20

_____

[8] To the extent Appellant contends he met the 60-day rule by filing an application for *nunc pro tunc* relief in the PCRA court on or around March 8, 2011, which the court should have treated as a PCRA petition, we reiterate that the record does not disclose any evidence of this alleged filing. Significantly, Appellant did not attach to his PCRA petition any documents to support his assertion that he actually filed (or attempted to file) the application for *nunc pro tunc* relief in the PCRA court, such as a proof of mailing.  ***See Commonwealth v. Holston***, 211 A.3d 1264, 1275 (Pa.Super. 2019) (*en banc*) (stating: "We can only repeat the well established principle that our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review").

[9] Due to our disposition, we deny Appellant's application to strike the Commonwealth's brief as moot.