J-S50034-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARVIN SPENCE A/K/A MORRIS | : | |
| SPENCE, | : | |
| | : | |
| Appellant | : | No. 3279 EDA 2019 |

Appeal from the PCRA Order Entered October 23, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0933911-1986

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 20, 2021**

Marvin Spence a/k/a Morris Spence (Appellant) appeals from the October 23, 2019 order, which dismissed as untimely Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

By way of background,

Appellant's convictions arose as the result of his participation in a conspiracy designed for the primary purpose of killing Gregory Ogrod. The evidence presented at trial established that, at 3:30 a.m. on July 31, 1986, three men armed with knives and a crowbar entered the basement of a home where they knew Ogrod and Maureen Dunne were sleeping. The men attacked the sleeping couple, repeatedly stabbing and clubbing them. Dunne was stabbed to death; however, Ogrod managed to get up and struggle against the assassins, who fled at his display of resistance. [Ogrod identified Appellant as one of the three armed men.]

\*\*\*

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant was found guilty by a jury of murder of the first degree, aggravated assault, possession of an instrument of crime [(PIC)], and criminal conspiracy. As to the murder charge, the Commonwealth argued two aggravating circumstances: that Appellant had conspired to pay another person to kill the victim; and, that Appellant had created a grave risk of death to another during the killing of the victim. The jury found the two aggravating and no mitigating circumstances, and returned a sentencing verdict of death.

**Commonwealth v. Spence**, 627 A.2d 1176, 1178-80 (Pa. 1993) (footnotes omitted; names altered). Appellant filed a post-sentence motion, which was denied. On direct appeal, our Supreme Court affirmed his judgment of sentence. **Id.**

Appellant subsequently filed a PCRA petition. In the petition, he raised a **Batson**[1] claim, alleging that the Commonwealth exercised peremptory challenges in a discriminatory manner during jury selection. The PCRA court held several evidentiary hearings. On March 22, 2004, the PCRA court vacated Appellant's convictions. On August 30, 2006, Appellant entered a negotiated guilty plea to third-degree murder, aggravated assault, conspiracy, and PIC, for an aggregate term of incarceration of 22½ to 45 years.[2] Appellant did not file a post-sentence motion or direct appeal.

On May 15, 2017, Appellant *pro se* filed the instant PCRA petition. In the petition, Appellant argued that in 1986, when the crimes took place, the

---

[1] **Batson v. Kentucky**, 476 U.S. 79 (1986).

[2] Appellant's negotiated sentence broke down to the following consecutive terms of incarceration: 10 to 20 years for third-degree murder, 5 to 10 years for aggravated assault, 5 to 10 years for conspiracy, and 2½ to 5 years for PIC.

- 2 -

sentencing guidelines for third-degree murder were 10 to 20 years of incarceration, and the remaining charges should have merged for sentencing purposes, rendering his aggregate sentence of 22½ to 45 years illegal. *Pro se* PCRA Petition, 5/15/2017, at 4. Recognizing the petition's patent untimeliness, Appellant pleaded the newly-discovered facts exception to the PCRA's time-bar. Specifically, he averred that, in 2015, he contacted his prior attorneys regarding the Commonwealth's negative recommendations to the parole board, which began in 2009. In April 2017, he "discovered through [his] attorney's [*sic*]" the Commonwealth's "back door campaign" to prevent parole being granted. **Id.** at Exhibit A (Appellant's Affidavit). "It was also discovered through these communications with [his] attorney's [*sic*] in April of 2017," that his sentence was illegal. **Id.**[3]

Counsel was appointed,[4] and on September 23, 2019, filed a motion to withdraw and **Turner/Finley**[5] "no-merit" letter. Counsel concluded Appellant's PCRA petition was untimely filed without an exception. On

---

[3] Although Appellant names one of his prior attorneys in his affidavit, he does not identify which attorney provided him the April 2017 information.

[4] Despite Appellant's petition being reassigned to the PCRA court on August 29, 2017, **see** PCRA Court Opinion, 5/29/2020, at 2, the PCRA court did not appoint counsel until April 26, 2019. This delay is unexplained by the record and we note our displeasure with it. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and[,] thus[,] has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012) (citation omitted).

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

September 24, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing as being untimely filed. Appellant filed a response on October 21, 2019, arguing the merits of his petition. On October 23, 2019, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's petition.

Appellant timely filed a *pro se* notice of appeal.[6] He included a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within his notice of appeal. The PCRA court complied with Rule 1925(a). On appeal, Appellant presents the following issues for our review.

1. … Appellant is appealing it's [*sic*] decision from the [PCRA] court based on new/or after discovered "facts" or evidence[.]

2. Failure to address newly[-]discovered evidence or facts[.]

3. Undisputed legal facts and authority that will allow this Honorable Court to grant extraordinary relief by correcting the herein Appellant [*sic*] sentence[.]

4. Aggragating [*sic*] … Appellant [*sic*] sentence in this matter was also illegal under the Ex Post Facto Clause[.]

5. The Commonwealth … engaged in deliberate bad faith tactics[.]

Appellant's Brief at 4 (numbering format and capitalization altered). Because neither this Court nor the PCRA court has jurisdiction to address the merits

---

[6] Appellant was originally sentenced to death. An appeal from a PCRA petition where a death sentence has been imposed lies within the exclusive jurisdiction of our Supreme Court. However, Appellant's death sentence was vacated and Appellant was resentenced to a term of imprisonment. Thus, we have jurisdiction over this appeal. ***See Commonwealth v. Miller***, 212 A.3d 1114, 1121-23 (Pa. Super. 2019).

of an untimely-filed petition, we must first determine whether Appellant timely filed his petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011); ***see also Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (explaining that, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim") (citation and quotation marks omitted).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (effective 1995-2018).[7] "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant was sentenced pursuant to his plea agreement on August 30, 2006. Because Appellant did not file a post-sentence motion or

---

[7] This subsection was amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to Appellant's PCRA petition because he filed it prior to the amendment's effective date.

- 5 -

direct appeal, his judgment of sentence became final on September 29, 2006. *See* 42 Pa.C.S. § 9545(b)(3) (directing that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to the Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Accordingly, Appellant's May 15, 2017 petition was patently untimely.

In his petition, Appellant attempted to invoke the newly-discovered facts exception to the PCRA's time-bar. This exception

> has two components, which must be alleged and proved. The petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. Due diligence requires the petitioner take reasonable steps to protect his own interests.
>
> However, it does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances[,] to uncover facts that may support a claim for collateral relief. As such, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence.

*Commonwealth v. Brensinger*, 218 A.3d 440, 448-49 (Pa. Super. 2019) (*en banc*) (citations and quotation marks omitted).

As discussed hereinabove, Appellant raised two facts, which he claimed he learned from his attorneys in April 2017: (1) that his 2006 negotiated sentence was illegal under the sentencing guidelines and laws

applicable in 1986; and (2) that the Commonwealth campaigned, beginning in 2009, to provide negative recommendations to the parole board. Appellant did not identify which attorney told him that his sentence was illegal, what the attorney said, or how he exercised due diligence in learning that his sentence was illegal. As to his second purported fact, it is unclear how the Commonwealth's negative recommendations to the parole board relate to his underlying illegal sentencing claim. *See Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018) ("Based on the foregoing, the majority of our Supreme Court believes that while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two."). Appellant did not plead and prove that the facts upon which the illegal sentencing claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. Accordingly, we conclude that the PCRA court's dismissal of Appellant's PCRA petition as untimely filed was proper, and we affirm the PCRA court's order. Because neither the PCRA court nor this Court has jurisdiction to consider the merits of claims raised in an untimely PCRA petition, we do not reach Appellant's remaining issues on appeal.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2021