J-S31020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES WYLIE | : | |
| | : | |
| Appellant | : | No. 629 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0236691-1989

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                              **FILED OCTOBER 15, 2021**

Appellant, James Wylie, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 7, 1990, a jury convicted Appellant of first-degree murder and possessing instruments of crime.  The court sentenced Appellant to life imprisonment.  This Court affirmed the judgment of sentence on May 10, 1991, and Appellant did not seek further direct review.

Appellant unsuccessfully litigated a first PCRA petition in 1993.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

August 20, 2012, Appellant filed the current *pro se* PCRA petition. Appellant filed a *pro se* amended petition on February 24, 2021. On January 4, 2021, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond, and the court denied PCRA relief on March 11, 2021.[1] On March 22, 2021, Appellant timely filed a *pro se* notice of appeal. Appellant filed a voluntary Pa.R.A.P. 1925(b) statement on March 29, 2021.

Appellant raises two issues for our review:

> Whether Appellant specifically [sought] and filed for relief under Article 1, § 14, as an option to the PCRA, which guaranteed this Appellant his state constitutional right to *habeas corpus* relief?

> Whether the United States Supreme Court decision in *Miller v. Alabama*, [567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)], invoked the Universal Declaration of Human Rights, Article 5, and Article 7?

(Appellant's Brief at 3).

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if styled as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d

---

[1] The record does not explain the lengthy delay between Appellant's initial *pro se* PCRA petition and the court's disposition of it. We note that "the PCRA court…[has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." *Commonwealth v. Renchenski*, 616 Pa. 608, 623, 52 A.3d 251, 260 (2012).

638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within the requisite statutory window. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant alleges that his life imprisonment sentence is illegal and violates state and federal equal protection clauses, as well as the Universal Declaration of Human Rights. These claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i), (vii) (describing as cognizable under PCRA claims of constitutional violations and imposition of sentences greater than lawful maximum). Thus, the court properly treated Appellant's

claims on appeal under the PCRA.[2] **See Peterkin, supra**.

Here, Appellant's judgment of sentence became final on June 9, 1991, upon expiration of the time for filing a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a) (allowing 30 days to file petition for allowance of appeal). Appellant filed the current PCRA petition on August 20, 2012, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments). Nevertheless, Appellant concedes he was 23 years old at the time of the offenses at issue. Thus, **Miller** does not apply.

Further, this Court has previously rejected the argument that relief under **Miller** should be extended to individuals under 25 years old because the brain is not developed fully until that age. **See Commonwealth v.**

---

[2] Appellant had also raised a claim before the PCRA court alleging the Department of Corrections ("DOC") lacked legal authority to detain him due to the lack of a written sentencing order. The court properly treated this claim as a *habeas corpus* issue, falling outside the purview of the PCRA. **See Joseph v. Glunt**, 96 A.3d 365 (Pa.Super. 2014), *appeal denied*, 627 Pa. 774, 101 A.3d 787 (2014) (concluding that PCRA did not subsume illegal sentence claim based on inability of DOC to produce written sentencing order). Nevertheless, Appellant has abandoned this issue on appeal.

*Furgess*, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under *Miller* on collateral review; rejecting "technical juvenile" argument). Therefore, the court properly dismissed Appellant's petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021